### Jerdon Keets v. The State.

#### No. 3492.   Decided March 31, 1915.

**1.—Rape—Sufficiency of the Evidence.**

Where, upon trial of rape upon a child under the age of consent, the evidence sustained the conviction, there was no error.

**2.—Same—Special Venire.**

A complaint that the court erred in overruling defendant's motion to quash the special venire upon the sole ground that only thirteen of the original thirty-six veniremen answered to their names was correctly overruled, Following Taylor v. State, 14 Texas Crim. App., 340, and other cases.

**3.—Same—Continuance—Want of Diligence.**

Where the record showed a want of diligence and the immateriality of testimony, the application for continuance was properly overruled; besides, the bill of exceptions was defective.

**4.—Same—Charge of Court—Identification.**

Where the child alleged to have been raped swore positively as to the identification of the defendant and was strongly corroborated by other testimony, there was no error in the court's failure in submitting a peremptory instruction to acquit.

**5.—Same—Evidence—Conviction for Felony.**

It is the settled law of this State that when the accused testifies in his own behalf, he can be forced to testify on cross-examination that he has previously been convicted for a felony.

**6.—Same—Motion for New Trial—Bill of Exceptions.**

Where the bill of exceptions is simply to the overruling of the motion for new trial, the same presents no error.

Appeal from the District Court of Fort Bend.   Tried below before the Hon. Sam'l J. Styles.

Appeal from a conviction of rape; penalty, imprisonment for life in the penitentiary.

The opinion states the case.

*R. A. Bassett,* for appellant.—On question of overruling motion to quash special venire:   Clay v. State, 51 S. W. Rep., 370; Hunter v. State, 31 S. W. Rep., 674; Bratt v. State, 41 S. W. Rep., 624.

On question of overruling motion for continuance:   Murphy v. State, 51 S. W. Rep., 940; Horn v. State, 30 Texas Crim. App., 541; Bronson v. State, 59 Texas Crim. Rep., 17, 127 S. W. Rep., 175; Keys v. State, 60 Texas Crim. Rep., 279, 131 S. W. Rep., 1068.

On question of identity: Goss v. State, 40 Texas, 520; Gazley v. State, 17 Texas Crim. App., 267; Alcorn v. State, 94 S. W. Rep., 468.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited cases in opinion.

PRENDERGAST, PRESIDING JUDGE.—From a conviction for rape of a child, assessing the life penalty, appellant prosecutes this appeal.

No useful purpose could be served by reciting or stating the testimony. We have carefully read it and it is amply sufficient to sustain the verdict.

Appellant has some very imperfect and meager bills of exception. In the first he complains that the court overruled his motion to quash the special venire upon the sole ground, as alleged therein, because but thirteen of the original thirty-six veniremen answered to their names. This would be no ground to quash the venire, and the court did not err in overruling his motion. Taylor v. State, 14 Texas Crim. App., 340; Hall v. State, 28 Texas Crim. App., 146.

In appellant's next bill he complains of the court overruling his motion for a continuance. He does not therein copy his motion, nor state what his witness would testify, the diligence used to procure him, nor the reason why he had not been served. He merely states therein that his application was overruled, and that he was forced to trial in the absence of a material witness, naming him. If we could go to the record it would be shown that he wholly fails to show any diligence to get this witness, and even if he had gotten the witness and he had testified as his application states he would, it would not have been material to the extent to authorize a continuance.

His next bill complains that the court refused to give a peremptory instruction to acquit him, because he claims the evidence failed to identify him as the party who committed the rape, if any was committed. The reverse of his contention is true as the record shows. The alleged raped girl swore positively, identifying him, and there were many facts and circumstances shown by other witnesses strongly corroborating her.

His next bill complains that he was required to testify on cross-examination that he had been twice before in the penitentiary. The fact of when this was is in no way disclosed. It is the settled law of this State that when an accused testifies in his own behalf he can be forced to testify that he has previously been convicted and sent to the penitentiary, and served a term therein, unless such conviction is so remote as to be inadmissible. The record in this case discloses nothing that would indicate his said testimony was inadmissible.

His next bill is simply to the overruling of his motion for a new trial, and presents no error. No other question is raised requiring discussion.

The judgment is affirmed.

*Affirmed.*