TROY A. CARRELL V. THE STATE.

No. 11308.    Delivered March 14, 1928.

1.—**Possessing Intoxicating Liquor — Arrest Without Warrant — Bill of Exception—Qualification Controls.**

Where appellant complains of his arrest as being without a warrant, and incriminating evidence disclosed through such arrest, the court's qualification of his bill complaining of the matter, controls, and as qualified, his bill fails to show that his arrest was not justified under the statutes permitting an arrest without a warrant. See Title 5, Chap. 1, C. C. P. 1925.

2.—**Same—Arrest Without Warrant—When Permissible.**

An arrest without a warrant may be made when a felony or offense against the public peace is committed in the presence of an officer, or in the view of a magistrate, who verbally orders the arrest, or where it is shown to a peace officer, upon the representation of a credible person that a felony has been committed, and that the offender is about to escape.

3.—**Same—Res Gestae—Of Arrest.**

Any act committed by the arrested party res gestae of the arrest, and which manifests an intent to suppress the evidence of crime, would become admissible if contemporaneous with the arrest and coming within a class of acts of one accused of crime held admissible as tending to show intent or consciousness of guilt. See Underhill Crim. Ev. (3rd Ed.), Secs. 203-204.

4.—**Same—Requested Charge—Covered by Main Charge—Properly Refused.**

Where the court's main charge correctly submitted the law of "prima facie" proof, a requested charge on the same subject presented by appellant was properly refused.

ON REHEARING.

5.—**Same—Charge of Court—On Circumstantial Evidence—Not Called For.**

Where the sheriff, on approaching the auto of appellant, in which the appellant was sitting, saw him break two jars of whiskey and a quart bottle of whiskey, the case was not one depending on circumstantial evidence alone, and the court properly refused to so charge.

Appeal from the District Court of Dawson County. Tried below before the Hon. Gordon B. McGuire, Judge.

Appeal from a conviction for possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Rogers & Storms* of Lamesa, *Lockhart & Garrard* and *F. D. Brown* of Lubbock, for appellant.

*A. A. Dawson*, State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the possession of intoxicating liquor for the purpose of sale, punishment fixed at confinement in the penitentiary for one year.

From the evidence the following appears: Some time before his arrest appellant had been observed around town by the sheriff, who later saw him at the stock pens. From the sheriff's testimony we quote:

"I drove up to Mr. Carrell's car where he was stopped and got out of the car and walked around by his car and told him that he was arrested. At the time I saw the defendant there, I saw something in his possession in the way of liquid of some kind. I seen it when Mr. Carrell got out of the car. He came out of the car with a couple of fruit jars. I didn't see any fruit jars until after I told Mr. Carrell he was under arrest. I saw the defendant with some liquor on that occasion. He hit the two fruit jars on the running board of the car, took them out and popped them together. That was after I drove up and stopped. * * * He broke these fruit jars as he got out of the car. They were one-half gallon jars; looked like one-half gallon jars. They were full, each one of them. I could see them plain; I was in plain view. I also saw him take a quart bottle out of the side pocket of the door and break it over the fender. It was a quart bottle; looked to be a quart, and it was plumb full."

The sheriff gave testimony justifying the conclusion that the liquid in the containers was whiskey.

The bills of exceptions are numerous. In the first bill complaint is made of the receipt of testimony, the substance of which is quoted above. From the bill it appears that the sheriff was possessed of no capias or search warrant and that the arrest was made without a warrant. Upon these reasons objection was urged against the receipt of the testimony. In qualifying the bill the judge declares that the only objections made to the testimony were the following:

"We object to any evidence of any arrest without showing a valid search warrant, and we object to any evidence of what transpired after the defendant was placed under arrest, and after the sheriff advised him he had been arrested, because

there was no valid search warrant shown, and the further reason that there was no warning given to the defendant."

The qualification of the bill will control the reviewing court insofar as it is in conflict with the bill as prepared by the appellant's counsel, from which it follows that the objections last quoted from the judge's qualification of the bill are the only objections that can be considered upon appeal. So far as we are informed by the bill, the arrest of the appellant may have been justified under the statutes permitting an arrest without a warrant. See C. C. P., 1925, Title 5, Chap. 1. Under these, an arrest without warrant may be made when a felony or offense against the public peace is committed in the presence of an officer, or in the view of a magistrate who verbally orders the arrest; or where it is shown to a peace officer, upon the representation of a credible person that a felony has been committed and that the offender is about to escape. The bill failing to show that the sheriff was without authority to arrest the appellant, any act committed by him, res gestae of the arrest and which manifested an intent to suppress the evidence of crime, would become admissible. Upon the principle just stated, the evidence revealing the conduct of the appellant in breaking the several containers which were filled with whiskey, is not shown by the bill to have been improperly received. It was contemporaneous with and res gestae of the arrest and within a class of acts of one accused of crime held, under such circumstances, admissible as tending to show intent or consciousness of guilt. See Klein v. State, 277 S. W. 1074, and cases therein collated; Underhill's Crim. Ev. (3rd Ed.), Secs. 202 and 203.

Paragraphs 3 and 4 of the court's charge are as follows:

"Under the law of this state proof of the possession of more than one quart of intoxicating liquor shall be prima facie evidence of guilt, but the defendant shall have the right to introduce evidence showing the legality of such possession."

"By the term 'prima facie evidence' as hereinbefore used, is meant not that the evidence is conclusive of guilt, but that it is merely proof of the case upon which the jury may find a verdict, unless rebutted by other evidence. In other words, prima facie evidence is not conclusive, and such evidence is to be weighed together with the other evidence, and in connection with the reasonable doubt and presumption of innocence which obtain in all criminal trials."

There were directed at the court's charge several objections based upon the paragraphs quoted above, asserting that they

shifted the burden of proof; that they offended against the rule permitting the appellant to remain silent and stand upon the presumption of innocence; that they were not upon the weight of the evidence. In that connection there was presented a special charge to the refusal of which complaint is made in bill No. 6. It is not deemed necessary to embrace in this opinion a copy of this special charge. Suffice it to say that the instructions quoted above appropriately and sufficiently covered the issues presented, namely, whether the appellant possessed intoxicating liquor in excess of one quart and whether the circumstances attending the possession of it overcame the presumption of innocence.

The bills complaining of the remarks of the District Attorney are so qualified by the trial judge as to render a discussion of them unnecessary.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It is contended in this case that there was no direct testimony sufficient to make out a case, and that the court should have submitted the case on the theory of circumstantial evidence. Reviewing the record, we observe that the sheriff saw appellant driving a car. In the sheriff's testimony he speaks of this car as "Mr. Carrell's car." Later and at another place the sheriff saw appellant sitting in the car, and when the officer approached appellant broke two jars of whiskey that were in the car. If anyone else was in said car at the time, it is not so disclosed. The quantity of liquor in possession of appellant was more than a quart. We deem these facts sufficient to support the conclusion of guilt, and that it was not necessary for the court to charge on the law of circumstantial evidence.

The motion for rehearing will be overruled.

*Overruled.*