P. T. CALLOWAY v. THE STATE.

No. 11824.   Delivered March 13, 1929.

The opinion states the case.

*Bledsoe & Crenshaw* of Lubbock for appellant.   On admission of confession of defendant, appellant cites: Hixt v. State, 282 S. W. 242; Jones v. State, 100 S. W. 126; Barry v. State, 281 S. W. 1058; Little v. State, 272 S. W. 456; Hill v. State, 255 S. W. 433; Dekle v. State, 257 S. W. 882 and Dozier v. State, 289 S. W. 45.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment confinement in the penitentiary for five years.

Prosecutrix was twelve years of age.   She attended school in the city of Lubbock.   Appellant frequently carried her to school in his automobile and on occasions waited for her to leave school in the afternoon.   She testified that appellant had on many occasions indecently fondled her person.   On the last occasion she was with him, she said that appellant had sexual intercourse with her.   She stated that this caused her no pain or inconvenience.   Appellant denied the act of intercourse and declared that he had never indecently fondled the person of prosecutrix.   He stated that he liked children and had merely been interested in prosecutrix to the extent of taking her home from school on occasions.   He testified that an emissary from the sister of prosecutrix advised him that the prosecution would be dropped if he paid a certain sum to prosecutrix.   It was his theory that the prosecution had been instituted for the purpose of extorting money from him.   It was admitted by the state that appellant bore

a good reputation for being a peaceable and law-abiding citizen, and several witnesses testified to such fact. The fact that prosecutrix bore a bad reputation for truth and veracity was not disputed. Several witnesses testified to the fact that her reputation in the respect mentioned was bad. Among these witnesses was the deputy sheriff who arrested appellant. If prosecutrix was ever examined by a physician such fact was not proven by the state. The state relied solely on her testimony to show that appellant had penetrated her.

Acting under a warrant officers went to appellant's home and arrested him. They did not advise appellant of the nature of the charge that had been filed against him. While under arrest appellant said: "It's a frame-up." Over proper objection the state was permitted to prove by the officers that appellant made the statement referred to. It is contended that the state sought to use appellant's statement in proving his guilt. The statute inhibits the use against one accused of crime of a confession made while under arrest, unless it comes within some of the exceptions embraced in the statute. In Branch's Annotated Penal Code, Section 59, it is said:

"The statute relating to confessions is not confined strictly to a technical confession, but covers any act in the nature of a confession, statement or circumstance done or made by defendant while in confinement or custody, and not having been properly warned, which may be used by the state as a criminative fact against him."

See also Hext v. State, 282 S. W. 242.

That the testimony in question was used against appellant in proving his guilt seems obvious. The conclusion is inescapable that said statement could have no other effect than to lead the jury to believe that appellant, without having been apprised by the officers of the charge against him, because of his guilt knew that he was charged with the offense of rape on prosecutrix. The provisions of Article 727 C. C. P. not having been complied with, we are constrained to hold that the learned trial judge fell into error in admitting the testimony, which might have been of weight sufficient to turn the scales against appellant in view of the character of the testimony in the case.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.