VERNER DONOHOE v. THE STATE.

No. 12873. Delivered December 4, 1929.
Rehearing denied State April 30, 1930.
Reported in 27 S. W. (2d) 215.

The opinion states the case.

*Storey, Leak & Storey* of Vernon, for appellant.

*John Myers,* Dist. Atty. of Vernon, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for twenty-five years.

The state relied upon circumstantial evidence. The body of Herman Walden was found in a pasture near an oil camp. There were shotgun wounds in the breast. Near the body were some

empty 12-gauge shotgun shells. Appellant was the last person seen with deceased. They had been together in appellant's car on the road near the place where the body was found. Appellant was armed with a shotgun at the time. The state proved that appellant had threatened to kill deceased. The foregoing statement has been made without any attempt to set out all of the circumstances relied upon by the state.

Appellant denied that he killed deceased. He testified that he last saw deceased on the occasion when they were together in his (appellant's) car on the road near the point where the body of deceased was found; that deceased got out of his car and walked away; that after driving a short distance the car stuck in the mud; that he (appellant) left the car and walked to his home, leaving his shotgun in the car.

Appellant had made no written confession under the terms of Article 727, C. C. P. On cross-examination, the district attorney asked appellant if he had not stated to the jailer, while he (appellant) was under arrest and in jail, in substance, that he was crazy on liquor when he was with deceased in his automobile and did not know what occurred. Further he was asked if he did not make the statement in the same connection that the last time he saw deceased he (appellant) put him out of his automobile at a rooming house in the town of Hilltop. Appellant denied that he made such statements. Whereupon a witness for the state testified that he was in the jail and heard appellant make the statements inquired about. Proper and timely objections were interposed by appellant. Proof of a confession, or of statements or acts amounting to a confession, made while the accused is in custody or confinement, and which would not be admissible as original evidence is not admissible to impeach him. Branch's Annotated Penal Code of Texas, section 74, and authorities cited. The statute inhibits the use against one accused of crime of a confession made while under arrest, unless it comes within some of the exceptions embodied in the statute. Art. 727, C. C. P. In Hext v. State, 282 S. W. 242, Presiding Judge Morrow used language as follows:

"The purpose and effect of the statute is to prevent the prosecution from using, against the accused, by the testimony of the officer having him under arrest, of a verbal statement made by the accused which the state seeks to use in proving the guilt of the accused."

Giving application here to the announcement of the decisions, we are constrained to hold that reversible error is presented.

We are of the opinion that paragraph five of the court's charge is subject to the objection urged by appellant, that is, the trial court assumed in said paragraph that appellant killed deceased. This was a closely controverted issue.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State's motion for rehearing in this case has led to an extended review of the points raised, and the entire record. We may have misconstrued paragraph five of the court's charge in writing in our former opinion concerning same, but the point is of no moment.

We are asked to consider a question and answer transcript of parts of the testimony of appellant and certain State witnesses, in aid of the State's contention in this motion that what was treated by us in the original opinion as a confession, was not such in fact. In solving questions arising from transcripts and statements of fact regularly certified and filed as part of the record on appeal, we are not allowed to consider matters brought to our attention dehors such record, which in any way attempt to add to or take from the record as so made.

On the issue as to whether the statements of appellant were confessions, appellant as a witness in his own behalf swore that deceased, about one o'clock at night, got out of appellant's car at a point near a creek some eight or nine miles from the town of Hilltop and walked away, and that he had not seen deceased since said time. Appellant denied making statements to the effect that he had said in the presence of Messrs. Campbell and Rheay when in jail that he put deceased out of his car that night at Hilltop. After laying proper predicates the State, as is shown by bills of exception 17 and 18, introduced Mr. Campbell and Mr. Rheay, and asked each the following question: "If while the defendant was in jail he did not hear him make the statement that 'The last time I saw Herman Walden I put him out at the Palace rooming house at Hilltop,' to which the witness replied that he heard the defendant make such statement in jail." The contention of the State in its

motion is that the statement of appellant thus proved, even if made while in jail, and unwarned,—was not a confession, but was made by him, and intended by him to be, an exculpatory statement; and it is urged that the State had the right to impeach appellant by proof that he made such statement while under arrest or in jail. Ferguson v. State, 31 Texas Crim. Rep. 93, and other authorities are cited in the motion. The Ferguson case, supra, along with the case of Quintana v. State, 29 Texas Crim. App. 401, and others similar, were overruled in Morales v. State, 36 Texas Crim. Rep. 234, which latter authority has been followed in many cases which will be found collated in Brown v. State, 55 Texas Crim. Rep. 583; Dover v. State, 81 Texas Crim. Rep. 553; Hext v. State, 104 Texas Crim. Rep. 49; Woodson v. State, 111 Texas Crim. Rep. 350.

In the mind of the writer of this opinion there is strong appeal in the proposition that since the ground of objection to the admission of an incriminating statement made while under arrest, by one accused of crime, rests fundamentally upon the danger that such statement may be induced, made or be affected by fear arising from such custody, or hope of escape from punishment by such admission of guilt, or the coercion of the custodian officers; such statements should not be held to be confessions, and there appears much reason for making a distinction between an incriminating statement thus made and one exculpatory in character when made under the same surroundings; but we regard the law of this State as well settled in accordance with the rule laid down in Bailey's case, 40 Texas Crim. Rep. 153, followed by Hernan v. State, 42 Texas Crim. Rep. 464, and the cases last above cited and others in accord therewith. The effect of these decisions is to hold that the State can not prove against the accused, either directly or for impeachment purposes, statements made by him while under arrest and unwarned, except under some permissive statute. There being no sort of doubt in this case but that the State did prove against appellant statements made by him while in jail and unwarned and which were not reduced to writing, we can not escape the conclusion that the reversal ordered in the original opinion was correct.

The State's motion for rehearing will be overruled.

*Overruled.*