## M. L. Lightfoot v. The State.

No. 13863.   Delivered January 21, 1931.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

S. L. Green operated a filling station on a highway. He testified that appellant and another man came to his place of business at night, exhibited a pistol and robbed him of ten dollars. He identified appellant as being one of the parties. According to the testimony of Joe Oberlechner, he accompanied appellant to the filling station and aided him in the commission of the offense. Appellant resided in Coleman County. Many citizens of his county testified that appellant's general reputation for being peaceable and law-abiding was good. They further said that his general reputation for truth and veracity was good, and that they considered him a man worthy of belief on oath. Testifying in his own behalf, appellant denied that he was present on the occasion Mr. Green was robbed and declared that he had nothing to do with the commission of the offense.

Bills of exception Nos. 1 and 2 present the following occurrence:

After appellant had been charged with the offense of robbery, the sheriff of Glasscock County armed with a warrant of arrest went to Santa Anna for the purpose of arresting appellant. Taking with him the constable of the precinct in which Santa Anna is situated, the sheriff went to appellant for the purpose of having the the constable execute the warrant of arrest. He told the constable that he had a warrant for appellant, but did not tell him that he desired that he be arrested immediately. Prior to executing the warrant, the sheriff engaged appellant in conversation, in which he asked appellant where he was on the 23rd of August, 1929, the date it was alleged that Mr. Green had been robbed. The sheriff testified that appellant told him that he was in Coleman County on said date, and, in substance, that he had never been in Glasscock County, the place where the offense was committed, and, further, that he was not guilty of hijacking in said county. This testimony was elicited from the sheriff by counsel for the State after appellant had been required to testify at the instance of the State that he did not tell the sheriff that he had never been in Glasscock County, but had stated to him that he had just come in from east Texas; and, further, that he told the sheriff that he was not guilty of hijacking in said county. Immediately after having this conversation with appellant, the sheriff executed the warrant of arrest, taking him into custody. Appellant objected to the testimony of appellant and of the sheriff on the ground that he was under arrest at the time the conversation was had; that it was no part of the res gestae; that it was not reduced to writing after warning, in compliance with Article 727, C. C. P.

We think the circumstances shown by the bills of exception reflect the fact that appellant reasonably believed himself to be under arrest at the time he made the statement in question to the sheriff. It was the purpose of the officer to arrest appellant. While at the moment appellant had not been formally arrested, he was in the presence of the sheriff and the constable of his precinct, and was immediately put in custody. In Stach v. State, 97 Texas Crim. Rep., 280, 260 S. W., 569, the justice of the peace was permitted to testify over the appellant's objection, that he told the appellant immediately preceding his arrest that he had been bootlegging, and that appellant made no reply. This court held that under the circumstances the appellant's silence when accused of crime was not admissible against him and said that, although he had not at the moment been formally arrested, he was in the presence of the officers who immediately placed him in custody. That the officers, prior to having the conversation with appellant, had not taken him into custody is not controlling in determining whether the receipt of the evidence was inhibited by the statute. The impression made upon the accused is to be taken into account. At the time the statement was made appellant was being questioned by the constable of his precinct, and the sheriff of

Glasscock County concerning the offense charged against him. Dekle v. State, 96 Texas Crim. Rep., 330, 257 S. W., 882.

The purpose and effect of Article 727, C. C. P., is to prevent the prosecution from using against the accused, by the testimony of the officer placing him under arrest, a verbal statement made by the accused which the State seeks to use in proving his guilt. Hext v. State, 104 Texas Crim. Rep., 46, 282 S. W., 242; Donohoe v. State, 115 Texas Crim. Rep., 17, 27 S. W. (2d) 215. Proof of a confession, or of statement of facts amounting to a confession, made while the accused is in custody or confinement, and which would not be admissible as original evidence, is not admissible to impeach him. Donohoe v. State, supra. We are constrained to hold that the testimony was erroneously received.

As shown in bill of exception No. 4, the arresting officer testified, over proper objection by the appellant, that S. L. Green, the injured party, gave him a description of the man who robbed him, and that the description given him by Mr. Green "fit the defendant very closely". The issue in this case was the identity of the accused. The testimony complained of was strongly corroborative of that of the injured party. It was introduced in the development of the State's case in chief. No effort had been made to impeach the testimony of the injured party. Appellant was not present at the time Mr. Green gave the description to the officer. The testimony was hearsay, and being of a material character, its reception constitutes reversible error. Johnson v. State, 94 Texas Crim Rep., 238, 250 S. W., 681; Fortune v. State, 96 Texas Crim. Rep., 569, 259 S. W., 573.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.