L. G. SPIRES ET AL. V. THE STATE.

No. 15572. Delivered April 5, 1933.
Reported in 59 S. W. (2d) 117.

The opinion states the case.

*Beall & Beall,* of Sweetwater, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, theft of property over the value of $50.00; the punishment, 2 years in the penitentiary.

The record shows that the bill of indictment charged Alex Huffman, L. G. Spires, and Alvin Williams with the offense of theft of 62 sacks of cotton-seed cakes from J. E. Parker. Upon

calling of the case for trial, the defendants Huffman and Spires filed their motion for severance as to the codefendant Alvin Williams, with the request that Williams be first tried, which motion was granted by the court and it was ordered that Williams be tried first. The district attorney then dismissed the case against Williams and the case went to trial against the appellants jointly.

It seems from the statement of facts in this case that J. E. Parker, the prosecuting witness, and the appellant Spires had lived near each other for about 15 years and the appellant Spires performed occasionally different ranch work for the complainant Parker. It is undisputed that on or about the 27th day of December, 1931, the appellants Huffman and Spires, together with Alvin Williams, went to the complaining witness Parker's ranch, known as the Buchanan ranch, in the night time and removed what is known as cotton-seed cakes from the ranch house owned by the complaining witness Parker in Ector county and that they took it to the home of the appellant Spires, the state contending that 62 sacks of cotton-seed cake belonging to the complaining Parker were taken by the appellants. The taking was not denied by either of the appellants but they contended that they had only taken 50 sacks of the cotton-seek cakes. The appellant Spires claimed that Parker owed him $50.00 balance on labor accounts and that Parker had agreed to give him 50 sacks of the cotton-seed cakes in payment of the debt and instructed him to go to Parker's ranch and get same. Parker denied that he sold the cake to Spires or that he gave his consent to Spires to get same. It was also contended by the appellant that Huffman and Williams, who owned the trucks used to haul the cotton-seed cake, were employed to haul the said cake by the appellant Spires and the reason such hauling was done at night was that the trucks so used were engaged on the public highway then under construction between Odessa and Andrew and could be so used only when not engaged in work on said public road, and for that reason were used at night.

By bill of exception No. 5 appellants complain of the court permitting the state's attorney to ask the appellant Spires, while he was testifying in his own behalf, on cross-examination, as to whether he had been under indictment for the theft of cattle. This evidence was clearly admissible for the purpose of impeachment. We quote from Branch's Ann. P. C., sec. 167: "The defendant or any other witness, if the impeaching testimony is not too remote, may be impeached by the adverse party

by proving by the witness on cross-examination that he had been indicted or convicted or that he is then under indictment for a felony or for a misdemeanor imputing moral turpitude. The judgment of conviction need not be produced when the object is only to impeach and not to disqualify the witness." See Hamilton v. State, 168 S. W., 536; Keets v. State, 175 S. W., 149.

By bills of exception 12 and 13 the appellants complain that the state introduced in rebuttal the testimony of the sheriff G. E. Waldon, and also the testimony of Reeder Webb, sheriff of Ector county, to the effect that after the appellant Huffman had been arrested and while he was in their custody they asked the said Alex Huffman if he had hauled any cake for L. G. Spires, to which question the said Huffman replied that he never hauled any cake for anybody or let his truck out to the said L. G. Spires. The bills show that the appellants objected to said testimony when it was offered on the ground that the same was made at a time while the said Huffman was under arrest and was not provable against him because he was under arrest and it was hearsay as to the appellant Spires. The court qualified both of said bills of exception to the effect that on the direct examination of the witness Huffman he had testified as to a conversation, after he was arrested and the warrant was read to him, between himself and the sheriff Walden, and on cross-examination the said Huffman was asked if during the conversation testified about on his direct examination between himself and Walden at the defendant's house shortly after the arrest, he had not denied to G. E. Walden in the presence of Reeder Webb and Joe Hogan that he had ever hauled any cake for Spires, and the appellant Huffman answered that he didn't think he had made any such statement; that this testimony was not objected to by the defense. The qualification of the trial court further shows that the defense did object before the testimony of the officers complained of was offered as to its being a conversation and statement made by the appellant Huffman while under arrest, but did not object to it on the ground that it was hearsay as to the appellant Spires and said testimony was admitted by the court for the reason that the appellant Huffman theretofore on his direct examination had testified in considerable detail as to a conversation with Walden and had also stated on cross-examination without objection that he didn't think he denied to Walden ever having hauled cake for Spires.

It was admitted that at the time said statement was claimed to have been made the appellant Huffman had been arrested

360

and was in custody of the officers. This testimony was not admissible as original evidence under the facts set out, and not being admissible as original evidence on account of the appellant being under arrest at the time, it was not admissible to impeach him. We believe that the admission of said testimony was hurtful to the appellants, as it tended to contradict not only the testimony of the appellant Huffman but also the defensive theory of both of the appellants. Under the qualifications of the trial judge to said bills, it appears that this testimony was allowed to be introduced to contradict and impeach the appellant Huffman's testimony. We quote from Branch's Ann. P. C., sec. 74: "Proof of a confession, or of statements or acts amounting to a confession, made while defendant is in custody or confinement, and which would not be admissible as original evidence, is not admissible to impeach him." See, also, Walton v. State, 41 Texas Crim. Rep., 454, 55 S. W., 566; Parker v. State, 57 S. W., 668. The fact that the declarations were introduced for the purpose of impeaching the accused does not exempt them from the inhibition contained in the confession statute. This has been specifically held in many cases. See Hernan v. State, 42 Texas Crim. Rep., 465; Dover v. State, 81 Texas Crim. Rep., 549; Holmes v. State, 273 S. W., 849; Morales v. State, 36 Texas Crim. Rep., 234; Brent v. State, 89 Texas Crim. Rep., 544; Bailey v. State, 40 Texas Crim. Rep., 150; Lightfoot v. State, 35 S. W. (2d) 163; Donohue v. State, 27 S. W. (2d) 215.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.