# NOVEMBER 29, 1933

### EVERETT BELL V. THE STATE.

No. 16148.   Delivered November 29, 1933.
Reported in 65 S. W. (2d) 303.

The opinion states the case.

W. M. Johnson and Robert F. Peden, both of Houston, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ten years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed John Clements by shooting him with a pistol.

The testimony on the part of the state was to the effect that appellant had threatened to kill deceased. Witnesses for the state testified that appellant crossed the street with a pistol in his hand to the sidewalk where deceased was standing, and that, as deceased turned toward him, appellant shot him. These witnesses declared that deceased was making no demonstration toward appellant at the time. Moreover, the testimony was to the effect that deceased was unarmed. After inflicting the mortal wound, appellant left the scene of the homicide, and later went to the State of California and other states, where he remained for several months. Upon his return to Houston he was arrested.

Witnesses for appellant testified that deceased told them that he was going to kill appellant, and that they communicated these threats to appellant. Testifying in his own behalf, appellant declared that he had been advised shortly before the homicide that deceased had stated that he was going to kill him; that his meeting with deceased was casual; that upon seeing him, deceased turned toward him and made a demonstration as if to strike or cut him; that he drew his pistol and struck at deceased; that the pistol was accidentally discharged; that he had no intention of killing deceased. In short, appellant's testimony raised the issues of self-defense and accidental homicide, which issues were submitted in the charge of the court.

The state admitted that appellant's general reputation for being peaceable and law-abiding was good.

The only bill of exception found in the record presents the following occurrence: Appellant was arrested by R. R. Meyers and police officers Butler and Williams at 1419 Palmer street in the City of Houston on the 8th of September, 1932, the arrest occurring several months after the homicide had been committed. It is recited in the bill of exception that, after appellant had testified to the facts raising the issues of self-defense and an accidental shooting, the state called in rebuttal the arresting officer, R. R. Meyers, and propounded to him the following question: "At the time you made the arrest did the defendant make any statement to you?" The question was objected to on the ground that appellant was under arrest at the time he made the statement. The objection was overruled and the witness answered in the affirmative. Thereafter the witness was asked, over appellant's timely and proper objection, to detail the statement made to him by appellant. The court permitted the ques-

tion to be answered. We quote the answer: "I did not know it was him when I walked in there. I asked him was this Everett Bell and when he got back, and he said he got back on the 8th. I asked him what he did with the pistol he killed John Clements with. He told me he threw it in the Brazos river. I asked him why he killed John Clements. He said he killed him because he was messing with his women. I asked him where he had been. He said he had been in eighteen states." The bill is qualified with the statement of the trial judge that the declarations were admitted as res gestae of the arrest.

The state's contention that the bill of exception fails to show that appellant was under arrest, and, further, fails to show that article 727, C. C. P., had not been complied with cannot be sustained. The testimony embraced in the bill of exception is, within itself, sufficient to show that the statement appellant is alleged to have made was not reduced to writing and signed by him after proper warning. Not only is this true, but the recitals in the bill, as well as the qualification appended to the bill, reflect the fact that appellant was under arrest. In Bonatz v. State, 212 S. W., 494, a similar contention was made by the state, but the point was decided in accused's favor. In principle the case is very similar to the one now being considered.

It is clearly shown that the statement made by appellant was not res gestae. It was merely a verbal statement made by him to the officers placing him under arrest, which the state sought to use in proving his guilt. Hext v. State, 282 S. W., 342; Donohoe v. State, 27 S. W. (2d) 215, and authorities cited; Lightfoot v. State, 35 S. W. (2d) 163. See, also, 18 Tex. Jur., sec. 193, p. 312. Proof of a confession, or of a statement of facts amounting to a confession made while the accused is in custody or confinement, and which would not be admissible as original evidence, is not admissible to impeach him. Lightfoot v. State, supra, and authorities cited. We are constrained to hold that the testimony was erroneously received. That it was hurtful is obvious. It tended to destroy appellant's defensive testimony to the effect that deceased attacked him, and, further, that in striking the deceased his pistol was accidentally discharged, it not being his intention at any time to kill deceased. The statement attributed to appellant by the arresting officer to the effect that he killed deceased because he was "messing with his women" supported the state's contention that the killing was premeditated. The court's explanation that he admitted the testimony of the arresting officer on the ground that the statements of appellant were res gestae of the arrest in our opinion in no way affects the bill complaining of the admission of such

statements. The expression "res gestae of the arrest" may be found in some opinions but in none where the facts are as here presented. The case of Carrell v. State, 109 Texas Crim. Rep., 177, 3 S. W. (2d) 435, is illustrative. The testimony there admitted was as to acts of accused coincident with his arrest but was really res gestae of the offense of possessing intoxicating liquor, for which he was on trial. In Texas Jurisprudence, vol. 18, p. 312, sec. 193, is found the following text:

"The acts or statements of the accused done or uttered at the time he was arrested or after he was arrested are not admissible as part of the res gestae unless they followed immediately or very soon after the offense or were so connected as to constitute a part of the occurrence, or unless they were explanatory of his conduct."

Many cases are listed in the notes supporting the text, and show that the acts or statements of accused admitted after or at the time of his arrest were res gestae of an offense then being committed, or so closely related thereto as to be admissible as res gestae thereof.

The inadmissibility of the evidence complained of is clearly shown if looked at from another standpoint. If admissible as res gestae it was receivable either at the instance of the state or appellant. Suppose the statement made by appellant when he was arrested months after the offense was committed had been consistent with the defense interposed by him on the trial, and he had sought to prove by the arresting officer the statement made by appellant at the time of the arrest in support of his defensive theory. The offer, we apprehend, would have been resisted as an effort to introduce a self-serving declaration, and yet, if admissible for the state, it was equally admissible for appellant. It was admissible for neither.

For the error discussed, the judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*