JESSIE YARBROUGH V. THE STATE.

No. 20053.   Delivered January 4, 1939.

The opinion states the case.

*Mays & Mays,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being assessed at two years in the penitentiary.

Appellant, Richard Yarbrough, and Odee Pruitt were jointly indicted, charged with the burglary of Walker Jones' house in Swisher County on the 3d day of January, 1937. Appellant was alone upon trial in the present proceeding.

The statement of facts reveals that Walker Jones was in the retail drug business in Tulia, Swisher County, Texas, on January 3, 1937. His place of business was burglarized on the night of said January 3d. The safe had been battered or blown open and some $300 in money, jewelry and a "jewel box" taken therefrom. So far as the record shows none of the defendants named in the indictment had ever been seen about Jones' drug store, and the evidence is positive from Jones that he had never seen appellant there. A witness who was in the grocery business in Tulia testified that to his best judgment appellant was in his place of business twice the latter part of December, 1936—a few days before January 1st, 1937— and bought some bread and milk. About January 15th, 1937, police officers in Fort Worth, Texas, without a warrant, arrested appellant and Dick Yarbrough (appellant's husband) and one Odee Pruitt. They were in a car which Dick Yarbrough was driving, to which car was attached a house trailer. The parties were arrested on suspicion, it not being shown that the officers had any knowledge or information regarding the burglary at Tulia, or of the arrested parties supposed connection therewith. Appellant and her companions were placed in the city jail and the car and trailer were taken to a garage used by the city officers to store such things taken from arrested persons. Appellant and her companions remained in the city jail for about nine days, at the end of which time they were transferred to the county jail. At the time appellant was so transferred she gave to the matron of the city jail—a Mrs. Richardson—a "jewel box," telling said matron she could have the box. This box was later seen by Jones in Mrs. Richardson's possession and identified by him as having been taken from his safe at the time of the burglary.

All of appellant's bills of exception, being five in number, relate to evidence regarding the "jewel box" in question. It will not be necessary to consider them separately.

It is recited in said bills that the "house trailer" which was attached to the car was the home of appellant and her husband in which they had lived since their marriage two years

before the arrest in question; that appellant and her companions were arrested without a warrant of arrest; that they were not arrested for the commission of any offense, but merely on suspicion; that while defendants were in the said city jail, and without a search warrant and without permission of any of the three named defendants and without their knowledge officers procured a key at the garage where the trailer had been placed by the officers, unlocked the trailer and took therefrom certain articles and delivered them to the sergeant at the city jail. From other recitals in the bills it appears that appellant took nothing to the city jail when she was arrested and placed therein, and that the "jewel box" in question was taken from said trailer by the searching officers and delivered with other articles to the said sergeant. It is further recited that the only circumstance tending to connect appellant with the burglary was her possession of the "jewel box"; that no other property claimed to have been taken from the burglarized premises was found in, or traced to, her possession.

All evidence regarding the identification of the "jewel box" by Jones when found in Mrs. Richardson's possession, and the introduction of same in evidence, was objected to on the ground that possession of same had been obtained by the State through an illegal arrest, and as the result of an illegal search. There appears to be no answer to the objections urged.

Article 727a, C. C. P. provides as follows: "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

In the recent case of Gill v. State, 115 S. W. (2d) 924, various articles of our Code permitting arrests without warrant are referred to. None of them seem applicable here. That the subsequent search of the trailer was unauthorized is not debatable. The evidence complained of seems to be squarely in the face of said Art. 727a C. C. P. Many cases in point will be found annotated under said article in 1938 Cumulative Pocket Part, Vol. 2, Vernon's Ann. Tex. C. C. P.

The State proved by Mrs. Richardson that when prisoners were transferred from the city jail to the county jail they took their personal belongings, and that when they were transferring appellant she was arranging her things in her purse. Some of the articles were bulky and she couldn't get them in the purse and appellant said to Mrs. Richardson, "You may have

this," referring to and giving her the "jewel case" in question. Appellant objected to what appellant may have said and done with reference to said box on the ground that she was under arrest and in jail at the time. The objection should have been sustained. Appellant never carried the box to the city jail. After it was obtained by the illegal search of the trailer and delivered to the sergeant at said jail by the searching officers if it was ever delivered to appellant the record fails to show it. The bill leaves us somewhat in doubt, but we are under the impression that what was said and done by appellant regarding the box occurred as articles were being delivered to her by the sergeant at the city jail incident to her transfer. In any event, under the circumstances the evidence was not admissible. Art. 727 C. C. P., which excludes "confessions" of an accused made while in jail or under arrest unless made in writing under the conditions required by said article also excludes the proof of a criminative statement or act of accused so made or done while in jail or in custody of an officer. See Branch's Ann. Tex. P. C., Sec. 59; Willoughby v. State, 87 Tex. Cr. R. 40, 219 S. W. 468; Fooshee v. State, 120 Tex. Cr. R. 347, 47 S. W. (2d) 608; Calloway v. State, 111 Tex. Cr. R. 522, 15 S. W. (2d) 13; Brent v. State, 89 Tex. Cr. R. 546, 232 S. W. 845; Tex. Jur., Vol. 18, page 156, Sec. 79.

Because of the errors discussed the judgment must be reversed and the cause remanded.