## H. L. DENNIS v. THE STATE.

No. 21457. Delivered March 12, 1941.

The opinion states the case.

*Donald & Donald, Joe H. Cleveland,* and *T. H. Yarbrough,* all of Bowie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a sentence of two years in the penitentiary on a charge of cattle theft.

The indictment alleges the theft of three head of cattle, the property of S. J. Embry, by H. L. Dennis. The proof shows that on the date alleged someone driving a car with a license plate identical with that assigned to a pickup truck belonging to appellant and giving his name as H. L. Dennis delivered the three cattle in question to a commission company in Fort Worth. By chance, on the next day Embry was in the stockyards of

the commission company and identified his cattle and took possession of them. They had not been sold.

Acting upon telephone advice from Fort Worth, Dick Lawrence, Sheriff of Montague County, filed a complaint against H. L. Dennis and went to St. Jo where he located him in a cafe. The sheriff details the conversation. He says that he asked the accused which one of the Dennises took two P-bar cows to Fort Worth the day before, and he quoted defendant as saying, "I took three cattle down there last night." Other than this statement and the fact that the license plate on the truck delivering the cattle bore his number and that the party delivering them listed them as the property of H. L. Dennis there is no evidence in the record to connect him with the theft of the cattle. If this statement is admissible in evidence against him, then the fact given would be a damaging circumstance in the case.

The sheriff testifies further, upon cross-examination, that when he approached the defendant he had a warrant for his arrest charging the theft of the cattle. He says, "I was only seeking at that time to find H. L. Dennis; He answered my question. No information was given me other than what I already knew; I had a complaint against H. L. Dennis; He didn't tell me he was H. L. Dennis. I was trying to find H. L. Dennis * * *. From the time I knew he was a Dennis and started questioning him, I wouldn't have let H. L. Dennis leave my presence and go off unchecked; I considered him under arrest from the time he answered my question. Even if he hadn't answered my question, I would have found out who he was before I would have let him go on out."

The foregoing testimony of the sheriff shows definitely and conclusively that the party was under arrest at the time he made the statement which was admitted in evidence against him. The admission of this testimony is contrary to 727A, C.C.P. and the bill of exception complaining of the court's ruling must be sustained. Lightfoot v. State, 35 S. W. (2d) 163.

There is considerable evidence relating to the conduct of the sheriff in handling appellant, taking him from place to place while refusing him the privilege of making bond, but the complaints relative thereto are not of a nature that should, in any way, affect the disposition of this case on this appeal. Other matters complained of will, in all probability, not arise upon another trial.

For the reason stated, the judgment of the trial court is reversed and the cause remanded.