ROBERT M. PIERSON V. THE STATE.

No. 22362. Delivered January 27, 1943.

Rehearing Denied February 17, 1943.

The opinion states the case.

*Baskett & Parks,* of Dallas, for appellant.

*Dean Gauldin,* Criminal District Attorney, and *Chas. A. Pippen* and *Jimmie Martin,* Assistant District Attorneys, all of Dallas, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

For the murder of Thomas Joseph Vittrup, the appellant has been found guilty and his punishment assessed at death.

The deceased was employed as "special officer" (sometimes referred to as "a bouncer") at a beer tavern situated near the city of Dallas. Appellant's wife was a waitress at the tavern.

According to the State's testimony appellant, on the afternoon of February, 12, 1942, went to the tavern, and, without justification or excuse, killed the deceased by shooting him in the back with a pistol.

The defensive theory, shown chiefly by the testimony of the appellant, was that, for some time prior to the killing, deceased had been keeping company with the appellant's wife; that, a short time prior to the killing, the wife admitted to him that she and deceased had been guilty of immoral relations. Appellant said that, as a result of this information, on the occasion of the killing, he went to the tavern for the purpose and with the intention of talking with deceased relative to such conduct, with a view of having deceased to cease such conduct and relationship; that, as he entered the tavern and spoke, the deceased made a demonstration as if to draw a pistol, whereupon he (appellant) shot, fearing his life was in danger, and that he did so in self-defense.

Appellant was positive in his testimony that, at the time he went to the tavern, he had no intention of killing the deceased, and that the demonstration by deceased as if to draw a pistol was made with the left hand.

The foregoing is deemed a sufficient statement of the facts for a discussion of the question presented for review.

Appellant's chief contention arises out of a confession or statement he made to the grand jury. As to this, it appears that appellant was arrested shortly after the killing, and that, from that time, he was continuously confined in jail, charged with this offense; that, while so confined, he was carried before the grand jury, while that body was engaged in investigating his case; that he was duly warned, by the grand jury, that he was not required to make a statement, and that, if he did so, any statement he might make could be used in evidence against him.

The record reflects that, with such warning, the appellant then, in answer to questions propounded by the grand jury, or under its direction, testified at length and detailed many facts relative to the killing. The statement so made was oral and was not reduced to writing and signed by the appellant.

For the purpose of laying a predicate for the introduction of a part of such statement, State's counsel, upon cross-examination, asked appellant if he did not testify, before the grand jury, that he went to the tavern for the purpose and with the intention of killing the deceased. To the asking of such question the appellant registered the general objection to proof of any statement he made before the grand jury. The objection being overruled, the appellant denied having so testified before the grand jury.

The State, upon rebuttal, and in line with the predicate so laid, proved that the appellant did so testify before the grand jury that, on the occasion of the killing, he went to the tavern for the purpose of killing the deceased; to the introduction of which appellant again registered a general objection to proof of any statement he made before the grand jury, which objection was overruled.

The State was further permitted to prove, over appellant's said general objection, that, when the appellant was before the grand jury, he testified, with reference to the demonstration that the deceased was alleged to have made as if to draw a pistol, that the demonstration was made by deceased with the right hand, which testimony was directly contradictory of that given by appellant upon the trial of the case on that point.

The question thus presented for our determination is whether the statement appellant was alleged to have made before the grand jury was admissible.

If we correctly comprehend the State's position, it is that the testimony was admissible because: (a) The warning was sufficient to meet the requirements of the statute to authorize introduction thereof as a confession by appellant; (b) The statements so proven were authorized for impeachment of the appellant; and (c) The objection urged against the admission was insufficient to meet the requirements of the law or to point out to the trial court wherein the testimony was inadmissible.

It is appellant's contention that, the statements having been made while under arrest, and same not being reduced to writing, and signed by appellant, same were not admissible for any purpose against him, and that a general objection to the introduction thereof was all that was required in order to preserve the question for review.

In the light of these contentions, it is deemed pertinent to review the legislative as well as judicial history of this state relative to the admission in evidence of a confession of one accused of crime.

The admission in evidence of a confession of one accused of crime has always been controlled by statute in this State.

Under the Code of Criminal Procedure of 1857, known as the "Old Code," Article 661 thereof reads as follows: "The confession of a defendant may be used i n evidence against him if it appear that the same was freely made without compulsion or persuasion, under the rules hereafter prescribed." Said Article has remained unchanged throughout the years and appears as Art. 726 of our present Code of Criminal Procedure.

Article 662 of the Old Code read as follows:

"The confession shall not be used, if, at the time it was made, the defendant was in jail or other place of confinement, nor while he is in custody of an officer, unless such confession be made in a voluntary statement of the accused, taken before an examining court in accordance with law, or be made voluntarily after having been first cautioned that it may be used against him."

Under this Article, oral confessions made in accordance with the provisions thereof were admissible in evidence. However, as to such confessions, the court stressed that great caution should be exercised because such were "so liable to be misunder-

stood, so easily fabricated, and so hard to be contradicted." Gay v. State, 2 Tex. App. 127; Riley v. State, 4 Tex. App. 538; Cain v. State, 18 Tex. 387.

Said Art. 662 of the Old Code was later amended by adding thereto the following language: "or unless in connection with such confession he make statement of facts or of circumstances that are found to be true which conduce to establish his guilt, such as the finding of secreted or stolen property, or instrument with which he states the offense was committed."

Said Art. 662 of the Old Code as thus amended appeared as Art. 750, C. C. P. of 1879, and remained unchanged until amended, by Chapter 118, Acts of the Regular Session of the 30th Legislature, in 1907, to read as follows:

"The confession shall not be used, if at the time it was made, the defendant was in jail or other place of confinement, nor while he is in the custody of an officer, unless made in the voluntary statement of accused, taken before an examining court in accordance with law, or be made in writing and signed by him; which written statement shall show that he has been warned by the person to whom the same is made: First, that he does not have to make any statement at all. Second, that any statement made may be used in evidence against him on his trial for the offense concerning which the confession is therein made; or, unless in connection with said confession, he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed. If the defendant is unable to write his name, and signs the statement by making his mark, such statement shall not be admitted in evidence, unless it be witnessed by some person other than a peace officer, who shall sign the same as a witness." Said Chapter 118 became and is Article 727 of our present Code of Criminal Procedure. It will be noted that the outstanding element of the Amendment of 1907 was to require that the confession be in writing under certain circumstances. Since that time, an oral confession is not admissible "unless in connection with said confession, he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, - - - -," or unless such oral confession is a part of the res gestae. Holmes v. State, 100 Tex. Cr. R. 635, 273 S. W. 849; Lightfoot v. State, 117 Tex. Cr. R. 515, 35 S. W. (2d) 163; Broussard v. State, 134 Tex. Cr. R. 1, 114 S. W. (2d) 248; Yarbrough v. State, 136 Tex. Cr. R. 7, 123 S. W. (2d) 356; Hext v. State, 104 Tex. Cr. R. 46, 282 S. W. 242.

The legislative history thus presented shows that the legislature of this State has gradually restricted the use or admission in evidence of confessions of one accused of crime made while in jail or in custody of an officer.

In the instant case, the statement the appellant made before the grand jury was not reduced to writing and was not signed by him. It was oral. There is an absence of any facts showing or tending to show that such oral statement came within the exceptions above noted authorizing the introduction of an oral confession. It follows that appellant's oral statements before the grand jury were inadmissible in evidence against him.

A confession of one accused of crime which is inadmissible as original evidence cannot be used for the purpose of impeachment. Donohoe v. State, 115 Tex. Cr. R. 17, 27 S. W. (2d) 215; Hext v. State, 282 S. W. 242; 104 Tex. Cr. R. 49; Norman v. State, 102 Tex. Cr. R. 5, 277 S. W. 126; Click v. State, 118 Tex. Cr. R. 404, 39 S. W. (2d) 39; Spires v. State, 123 Tex. Cr. R. 357, 59 S. W. (2d) 117; Bell v. State, 124 Tex. Cr. R. 676, 65 S. W. (2d) 303.

From what has been said, it follows that the State was not authorized to cross-examine appellant relative the statements he was alleged to have made before the grand jury, nor to prove what appellant said in such statements.

The question remaining for our consideration, then, is whether the general objection urged by appellant was sufficient to call the trial court's attention to the error in admitting proof of the statements so made.

Attention is called, first, to the fact that we do not have presented here a case where no objection whatsoever was made at the time the objectionable testimony was offered or admitted in evidence, nor is this a case where the admissibility of the testimony is attacked, for the first time, after trial, by motion for new trial. Here an objection was made to proof of any statement the accused made before the grand jury at the time same was offered in evidence. The claimed defect was that, in connection with such objection, the appellant did not state, and did not make known to the trial court, the grounds upon which he based such objection.

It is the well established general rule, and always the better practice, that, in objecting to the admission of testimony, the

accused should make known to the trial court the grounds or basis of his objection. Such is not, however, absolutely necessary in all instances. There are exceptions to such general rule.

One of these exceptions is that, if the testimony so offered is obviously hurtful and is not admissible for any purpose, an objection to the introduction thereof will not be held defective for failure to state the specific grounds upon which the objection is made. Branch's P. C., Sec. 208; Schwartz v. State, 120 Tex. Cr. R. 252, 46 S. W. (2d) 985, and authorities there cited.

In the instant case, appellant's statements before the grand jury, introduced by the State, were, as pointed out, directly contradictory of his defensive theory. The hurtful character thereof cannot be questioned. The statements were made while appellant was under arrest and confined in jail; same were oral, and were not shown to have been made in accordance with any of the provisions of Art. 727, C. C. P., authorizing proof of oral confessions or statements made while under arrest. Having been made long after the killing, such statements were not a part of the res gestae. Obviously, therefore, the statements before the grand jury were not admissible for any purpose.

Under such facts, the general objection urged by the appellant was sufficient.

We are constrained to hold that reversible error is reflected.

Other bills of exception appear, complaining of the State's cross-examination of the appellant relative to the contents of a letter which he wrote while in jail. While we refrain from expressing the opinion that reversible error is reflected in this particular, yet, in view of another trial, we call attention to the fact that the admissibility of a letter written in jail, while under arrest, is governed by the same rules as are applicable to oral confessions made while under arrest. Branch's P. C., Sec. 117.

For the reasons assigned, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

The State, by and through its able District Attorney, of Dallas County, has filed a motion for rehearing wherein it is asserted that we erred in our original opinion in holding inadmissible the testimony of the court reporter, as well as that of the foreman of the grand jury, relative to what appellant stated to the grand jury while his case was being investigated. The bills of exception complaining of the admission of this testimony show that appellant was in custody of the sheriff at the time. The State contends, however, that inasmuch as appellant merely objected to the introduction thereof on the ground that it was irrelevant, immaterial and no proper predicate had been laid for its introduction and not on the ground that the formal requirements of the law relative to a voluntary confession had been complied with, the objections were inadequate to point out to the trial court why the testimony was inadmissible. We stated in our original opinion that the rule seems to be that where testimony is obviously hurtful and inadmissible for any purpose that ordinarily any kind of an objection thereto will be deemed sufficient. In the instant case, the court and the District Attorney knew that appellant was confined in jail from the time he committed the alleged offense up to the time of his trial. Consequently, when the State undertook to show an oral statement by appellant to the grand jury, it was obvious to the court that this testimony was not admissible because the same was not in conformity with Art. 727, C. C. P. Hence, the objection that a proper predicate had not been laid for its introduction was sufficient. Before a voluntary confession of a defendant is admissible in evidence, a proper predicate for its introduction must be laid; that is, that the accused was given the proper statutory warning; that he made the confession to the person who gave him the warning; that his confession was reduced to writing and shown *aliunde* to have been signed by him. This, however, may appear from the face of the purported confession, and if so, the predicate is sufficient upon which it may be introduced.

Believing that the case was properly disposed of, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.