**Walter GRIGSBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 983–82.**

Court of Criminal Appeals of Texas,
En Banc.

July 6, 1983.

Sherman A. Kusin, Texarkana, for appellant.

Louis J. Raffaelli, Dist. Atty. and David W. Malaby, Jr., Asst. Dist. Atty., Texarkana, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant's conviction for voluntary manslaughter was affirmed by the Court of Appeals in an unpublished opinion. After a review of the record we are of the opinion that the petition for review was improvidently granted. It is therefore ordered dismissed.

MILLER, Judge, dissenting.

Appellant was indicted for the offense of murder. He was tried and convicted by a jury; punishment was assessed at ten years in prison. He appealed the case to the Texarkana Court of Appeals on one ground of error. In an unpublished opinion delivered on October 26, 1982, the Court of Appeals affirmed the judgment of the trial court. (Op. No. 6–82–008–CR). Appellant petitioned this Court for discretionary review, which we granted. The majority has now reviewed the case, states that the petition for discretionary review was improvidently granted, and without indicating why, affirms the finding of the Court of Appeals. I must dissent to the majority's action.

When we decided to grant the petition for discretionary review, at least four judges felt that there was some point in the case that should be reviewed. See Tex.Cr. App.R. 304(k). The parties then re-briefed the issue, and oral arguments were heard on the matter. Since at least four judges expressed an interest in the issue, and since the parties were obligated to and did expend time and effort to assuage our interest, the least we owe the parties is a written explanation as to why the petition was "improvidently granted." To the unexplained action of the majority in so dismissing this case, I must register my dissent.

I also disagree with the majority's holding that appellant's ground of error is without merit. Appellant contends that the trial court erred in allowing the prosecutor to cross-examine him concerning prior extraneous offenses. The record shows the following remarks were made by appellant's counsel during the voir dire:

"[T]herefore I think since he [appellant] has never been in trouble before, and you hear the facts and he's not the kind of person that you need to send to the penitentiary under the facts of this case, you can give him probation."

During cross-examination at the trial on the merits, the prosecutor was permitted to ask appellant:

"And [appellant's counsel] and you talked about your case, and [appellant's counsel] asked the jury panel a bunch of questions and after asking them questions, the jury was selected. And one of the statements he made to this jury was that you had never been in any trouble. That you had never been in any trouble whatsoever."

Appellant objected stating that the comment was an "improper question."

The Court of Appeals affirmed the judgment for two reasons: first, since appellant testified regarding the extent of his trouble with the law, the State was properly allowed to impeach that testimony; and second, appellant failed to preserve the issue for review. I disagree with both bases for the Court of Appeals decision.

First, appellant did not introduce evidence regarding the extent of his "trouble with the law" which would have justified impeachment by the State. The State claims that the evidence was properly admitted because appellant's counsel denied any prior criminal problems during his examination at voir dire, and because appellant left a false impression with the jury regarding his past criminal conduct. The Court of Appeals accepted the State's second claim, but I am not persuaded by either.

Defense examination of potential jurors during the voir dire does not constitute evidence; therefore, the State may not introduce testimony to counter any claims made by defense counsel during such argument.[1] See *Smith v. State*, 489 S.W.2d 920, 922 (Tex.Cr.App.1973). Appellant's counsel could not have placed appellant's prior criminal record in issue for purposes of impeachment by remarks made to jurors during voir dire.

Moreover, appellant did not leave a false impression with the jury which would have justified impeachment evidence. The record shows that during cross-examination, the State inquired as to appellant's prior trouble with the law. Appellant stated that he had a "little run-in" with his girlfriend and was arrested for public intoxication. The State then asked if these incidents were the only criminal acts in which he had been involved; appellant responded "Yeah." The State was then permitted to question appellant regarding one incident in which he and two men assaulted two other men and stole a tape player, appellant's arrest for an unrelated assault, and an incident where appellant forcibly abducted a woman, severely beat her, took off her clothes, and left her stranded in a park. Appellant's objections, all overruled, stated that the questions were improper, and proper questioning should be restricted to felony convictions.

When a witness leaves a false impression regarding prior "trouble" with the police, the State may prove that the witness had been "in trouble" on occasions other than those about which the witness offered testimony. *Shipman v. State*, 604 S.W.2d 182 (Tex.Cr.App.1980); *Nelson v. State*, 503 S.W.2d 543, 545 (Tex.Cr.App.1974); citing *Ochoa v. State*, 481 S.W.2d 847 (Tex.Cr.App. 1972). This rule is applicable, however, only where the witness testifies to prior criminal conduct during direct questioning. *Shipman*, supra; *Nelson*, supra; *Ochoa*, supra. As stated in *Shipman*, "The State may not rely on its own questioning on cross-examination to contradict the defendant and then introduce evidence of collateral matters and evidence of convictions for other offenses which would otherwise be inadmissible." *Id.* 604 S.W.2d at 184–5.

In the instant case, the State cross-examined appellant regarding criminal conduct, then sought to impeach his response with evidence of extraneous offenses. Under the holdings of the preceding cases, such questioning was improper. Cf. *Baxter v. State*, 645 S.W.2d 812 (Tex.Cr.App.1983), (where defendant testified to matters on direct questioning, and where State's proof did not amount to proof of an extraneous offense).

Second, appellant's objection to the questions asked by the State was sufficient to preserve error. If testimony is obviously hurtful and inadmissible for any purpose, any kind of objection will be sufficient. See *Pierson v. State*, 145 Tex.Cr.R. 388, 168 S.W.2d 256 (Tex.Cr.App.1943). The testimony elicited from appellant was obviously hurtful since the jury was apprised of his involvement in an assault and an aggravated assault. Such evidence was inadmissible for impeachment purposes since the appellant never raised the issue.[2] The ques-

---

1. The State's classic remedies for such occurrences, i.e. motion in limine, contemporaneous objection, contemporaneous request for a jury panel instruction to disregard remarks, motion to quash the jury panel and summon a new panel, etc., were all available. The State, however, chose to rebut the attorney's remarks with evidence and now, having created this particular quandry, seeks our sanction of their choice of remedies.

2. There are six instances in which proof of extraneous offenses is permitted. See *Albrecht*

tioning was improper, the testimony was definitely adverse to appellant, and the objection was sufficient.

Since appellant had not raised the issue of his prior criminal conduct, and since the State should not have been permitted to question appellant regarding this conduct on cross-examination, the trial court erred in permitting the questioning. In light of the gravity of the extraneous offenses admitted and the lack of justification therefor, I cannot find that such error was harmless. See *Shipman*, supra, 604 S.W.2d at 185, and *Els v. State*, 525 S.W.2d 11 (Tex. Cr.App.1975). Accordingly, I dissent to the majority's "overruling" appellant's ground of error and to the majority's failure to state the reasons for the overruling.

ONION, CLINTON and TEAGUE, JJ., join in this dissent.

*v. State,* 486 S.W.2d 97 (Tex.Cr.App.1972). None of these six instances was asserted by the State as grounds for admission of the evidence, nor have we been able to justify the State's use

of the evidence. Keeping in mind that the State sought to impeach appellant's account of his prior criminal experience, we restrict our holding to the facts of the instant case.