J. E. GANDY V. THE STATE.

No. 20699. Delivered April 24, 1940.

The opinion states the case.

*Lovett, Lovett & Ralston,* of Corsicana, and *Mark Smith,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted in the county court of a violation of the weights and measures law, and by a jury fined the sum of $50.00, hence this appeal.

Appellant filed a motion to discharge the jury panel offered herein because of the fact that the term of the county court of Navarro County had been fixed by the county commissioners court at a special term thereof, whereas the statute, Art. 1962, R. C. S. 1925, requires that such terms should be provided for by such an order entered at a regular term of such commissioners' court. The testimony heard on such motion shows that the commissioners' court did fix such terms of the county court, by an order entered in the year 1924, at a special term thereof, and same had not been changed until just before this case was called for trial, and that this jury had been summoned to appear for service prior to this last change. The

new term beginning on May 8th, and the old term having begun on May 1st, this jury having been summoned to appear at the May term, the appellant contended that such was an unlawful jury, and should have been dismissed.

The statute seems to be plain, and we quote: "The commissioners court may, at a regular term thereof, by an order entered upon its records, provide for more terms of the county court for the transaction of civil, criminal and probate business, and fix the times at which each of the four terms required by the Constitution, and the terms exceeding four, if any, shall be held, not to exceed six annually, and may fix the length of each term" etc.

It is also to be noted that the Constitution contains two sections therein referring to the terms of the county court, the first provision being Sec. 17 of Art. V of that document, the portion applicable reading as follows "The county court shall hold a term for civil business at least once in every two months, and shall dispose of probate business, either in term time or vacation as may be provided by law, and said court shall hold a term for criminal business once in every month as may be provided by law," etc.

However we find the matter again referred to in that same Article V, Section 29 thereof, as follows: "The county court shall hold at least four terms for both civil and criminal business annually, as may be provided by the legislature, or by the commissioners' court of the county under authority of law, and such other terms each year as may be fixed by the commissioners' court; provided, the commissioners' court of any county having fixed the times and number of terms of the county court, shall not change the same again until the expiration of one year. Said court shall dispose of probate business either in term time or vacation, under such regulation as may be prescribed by law. Prosecutions may be commenced in said courts in such manner as is or may be provided by law, and a jury therein shall consist of six men. Until otherwise provided, the terms of the county court shall be held on the first Mondays in February, May, August and November, and may remain in session three weeks."

If the order entered by the commissioners court is invalid, and a jury appearing at the May term was drawn under such order, we would naturally find ourselves with no statutory authority of any kind for the setting of the terms of this Navarro County Court. There would be no terms provided by statutory law therefor. We would of necessity then be forced to accept the direction laid down in the Constitution

for the designation of the terms of that court. We do find, therefore, if the order of the commissioners court is void, that the terms of the Navarro County Court were fixed by the Constitution as beginning on the first Monday in February, May, August and November. This jury was called for the May term, 1939, which met on Monday, May 1st, and was therefore a proper jury, appearing at a proper, legal and constitutional term of such court, and appellant's complaint thereat was unfounded. If this was a legal order, then the jury was legal; if an illegal order, then the Constitution provided that May was a proper and legal term for this county court, and in either event the jury was properly present, and the panel should not have been dismissed. We overrule appellant's contention set up in his motion to dismiss the jury.

We are aware of the fact also that Section 29 of Article V, supra, where in apparent conflict with Section 17, Article V, supra, has been held to control such Section 17. See Kilgore v. State, 52 Texas Crim. Rep. 447, 108 S. W. Rep. 662.

The next proposition offered by appellant arises out of what is claimed to have been a fatal variance between the allegation and the proof. The allegation in the complaint and information being, in substance, that appellant did offer to sell, expose for sale and sell to George Jones a certain commodity, to-wit: one gallon of ice cream, but as a matter of fact did offer to sell, expose for sale, and sell a less quantity than one gallon of ice cream. In other words the container in which he purported to sell one gallon of ice cream contained less than one gallon. The testimony is short and to the point. Mr. Kirkland, a State inspector of the division of weights and measures, furnished Mr. George Jones, a bailiff of the grand jury, the sum of fifty-five cents and requested him to purchase from the Rainbow Ice Cream Co. of Corsicana, Texas, one gallon of ice cream, the price shown to be advertised at such company's place of business. J. E. Gandy, the appellant, was shown by his affidavit filed with the county clerk to be the Rainbow Ice Cream Co., operating same under that assumed name. Mr. Kirkland and Mr. Jones went into this establishment, and, addressing a young lady working behind the counter in such establishment, Mr. Jones called for a gallon of ice cream, and by her he was given a container thus marked, and he paid fifty-five cents therefor. J. N. Carr was also present at such time. "I do not know whether Mr. Gandy was present or not. There were three or four girls present in the building at that time; the one that sold me the cream was working there."

Mr. Kirkland testified that he was a State Inspector of weights and measures; that he was present when Mr. Jones asked for a gallon of ice cream, and saw the young lady back of the counter give Mr. Jones the cream, and saw him pay for it. That he measured the contents of such can, which had been full of ice cream, in a standard measure, and the can held three quarts and one pint, or in other words the can was capable of holding one pint less than a gallon and no more, and could not possibly be made to contain as much as a gallon of ice cream. Mr. Jones bought the ice cream and it was delivered to him and not to witness.

Under the State's proof we are of the opinion that the allegation that the sale was made to George Jones is met by the proof, and appellant's contention is overruled.

Appellant's further contention is that he should have been given a peremptory instruction for a verdict of not guilty because it is nowhere shown that he was present or acted together with the person selling and using the false measure. It is to be noted that the statute, Art. 1037, P. C., denounces the offense herein complained of, in part, in the following language: "Any person who, by himself, or by his servant, or agent of another person, shall offer or expose for sale, sell, use or retain in his possession any false weights or measures, or weighing or measuring devices, in the buying or selling of any commodity or thing; * * * or who shall sell or offer for sale or expose for sale, less than the quantity he represents of any commodity, thing or service, * * * shall be guilty of a misdemeanor," etc.

Art. 1037a, Vernon's Ann. P. C., among other things, says: "The term 'false weight or measure' or 'weighing or measuring' shall be construed to mean any weight or measure which does not conform to the United States Standards of weight or measure, or any weighing or measuring device which does not give correct results * * *, etc.

The difficulty that this case presents is as to the establishment of the identity of appellant with the person J. E. Gandy who signed the affidavit showing the use of the assumed name of Rainbow Ice Cream Co. Nowhere in the statement of facts is it shown that the J. E. Gandy on trial is the same J. E. Gandy who signed the affidavit setting forth the fact that he was the owner and operator of the Rainbow Ice Cream Co.

In numerous cases before us, wherein it became necessary to show that the person on trial had been theretofore convicted

in the courts in order that an enhanced punishment might be given under the doctrine that such person was an habitual criminal, we have consistently held that it must be shown by direct proof that such person theretofore convicted was one and the same as the person on trial. See Berthrong v. State, 124 S. W. (2d) 379; Walthall v. State, 109 Texas Crim. Rep. 26, 2 S. W. (2d) 442.

In line with these holdings and because the identity of the owner of the Rainbow Ice Cream Company was established only by means of the affidavit introduced herein, it should have been shown by proof that they are one and the same person. There being a failure to do so appearing herein, and there being no other testimony relative to such identity, the judgment is reversed and the cause remanded.