## EVANS MAYO V. STATE.

No. 25249. April 25, 1951.

Hon. L. B. Hightower, Judge Presiding.

*D. F. Sanders, J. A. Veillon,* Beaumont, *Walter C. Linden,* Orange, and *Horace H. Shelton,* Austin, for appellant.

*Ramie H. Griffin,* Criminal District Attorney, and *Joe B. Goodwin,* Assistant Criminal District Attorney, Beaumont, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for unlawfully practicing dentistry under an information charging two prior convictions for the same offense, under Art. 62, P. C., with punishment assessed at a fine of $800, and four months in jail.

The question presented is the sufficiency of the evidence to support the conviction, particularly as to whether the evidence identifies the appellant as the guilty party.

Nelson, an employee of the Texas State Dental Board, went to the office of the Beaumont Dental Laboratory for the express purpose of securing evidence upon which to base a prosecution for a violation of the dental act.

Upon arriving at the dental laboratory he advised a lady attendant or receptionist that he needed a partial plate. He was not waited upon that day. About a week later he contacted the office and was told to come back at a later date. About two weeks thereafter he returned and at that time a "Mr. Mayo," whom it appears he had been attempting to contact all the time, took an impression of his mouth for partial upper and lower plates. Thereafter, the plates were made, fitted, and paid for at the agreed price. The payments, in two installments, were made to a Mrs. Mayo, who issued the receipts therefor.

It will be noted that nowhere in his testimony did the witness Nelson identify the appellant as the Mr. Mayo who took the impression for the dental plates. The state in its brief admits that the statement of facts does not show that the prosecuting witness identified the appellant as being the guilty party.

If we understand the position of the state as to this matter, it is that, inasmuch as the record fails to affirmatively reflect that the identity of appellant was made an issue upon the trial of the case, the appellant cannot, upon this appeal, for the first time raise that question.

With this contention we do not agree. The state was under the burden of showing that this appellant was the man who committed the offense charged. Unless and until the state satisfied that burden, the guilt of this appellant has not been shown.

The state's case, here, depends solely and alone upon the testimony of the witness Nelson, who, by his own admission, is an accomplice witness under the doctrine of entrapment.

By Chap. 415, Sec. 2, of the Regular Session of the 51st Legislature, a conviction may be had upon the uncorroborated testimony of representatives of the State Board of Dental Examiners for violations of the law relating to the practice of dentistry who "shall not be held or considered accomplices." Art. 754b., Vernon's P. C.

Appellant's attack on the sufficiency of the evidence brings into question the validity of this statute, as against the contention that it is class legislation and extends special privileges and exemptions to a class, in violation of constitutional guarantees, by exempting the agents, representatives, and members of the State Board of Dental Examiners from being accomplice witnesses in certain prosecutions, while denying such exemption to other accomplice witnesses in the same prosecutions.

Having reached the conclusion that the witness Nelson did not make a case against the appellant, the constitutional question mentioned is not decided.

We perceive no fundamental defect in the affidavit or information.

The other questions presented will hardly arise upon another trial, and will not be discussed.

For the reason assigned, the judgment is reversed and the cause is remanded.

Opinion approved by the court.