## SANTOS DE LA PAZ V. STATE

No. 27,552. May 18, 1955

Hyde, Barber & Shireman (of Counsel: Truett Barber and Wm. H. Shireman), Corpus Christi, for appellant.

E. James Kazen, District Attorney, William C. Wright, Assistant District Attorney, Laredo, and Leon Douglas, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for libel; the punishment, six months in jail.

The only serious question raised is as to the sufficiency of

the evidence in regard to the identification of the appellant as the person who committed the offense.

The indictment charges that Santos de la Paz was the publisher of the newspaper "La Verdad" and published the libelous statement with intent to injure M. J. Raymond.

Appellant is the person who was brought to trial under said indictment and who answered to the name of Santos de la Paz when the case was called.

The state introduced in evidence an exhibit which contained the masthead of a copy of the newspaper "La Verdad" and the libelous article. The exhibit showed the name of the publisher of the newspaper as Santos de la Paz, and also that Santos de la Paz was the editor.

Testimony was offered to show the sale and distribution of said issue of the newspaper "La Verdad" in Webb County, Texas.

Under the provisions of Art. 1278, V.A.P.C., the publisher of the newspaper is deemed guilty of making and circulating the libel until the contrary is made on the trial to appear.

This being true, it remained only for the state to prove that the appellant, Santos de la Paz, was the same Santos de la Paz whose name was carried as the publisher of La Verdad, or to offer evidence identifying appellant as the publisher of said newspaper.

The state calls attention to the fact that at no time did appellant or his counsel suggest that he was not the Santos de la Paz who was the publisher of the newspaper La Verdad, or that he was another Santos de la Paz.

The burden is on the state in any criminal prosecution to prove beyond a reasonable doubt that the accused committed the criminal act charged.

In Mayo v. State, 156 Texas Cr. R. 26, 238 S.W. 2d 777, the defendant was not identified as the "Mr. Mayo" who made the impression for dentures which constituted the alleged practice of dentistry. The state took the position that in as much as the record failed to affirmatively reflect that the identity of the

accused was made an issue at the trial, this question could not be raised on appeal.

In overruling this contention we said: "The state was under the burden of showing that this appellant was the man who committed the offense charged. Unless and until the state satisfied that burden, the guilt of this appellant has not been shown."

Gandy v. State, 139 Texas Cr. R. 140, 139 S.W. 2d 275, also supports the holding that the accused must be identified as the person who committed the offense.

In view of another trial, it is deemed advisable to discuss appellant's attack upon the indictment.

The indictment set forth the alleged libelous publication and, in connection with certain statements, therein contained innuendo averments as to the meaning thereof and that they referred to M. J. Raymond, who it was alleged was the person to whom the publication referred.

It was appellant's contention that these innuendo averments were not authorized by the publication but went further and extended, without authority, the meaning of the language employed in the statement.

We are in accord with appellant's contention that an innuendo averment cannot be used for the purpose of enlarging the language used and thereby to create something new and not contained in the language or words used. We do not agree, however, that the innuendo averments here are subject to the rule stated or that they are not proper. In fact, it is our conclusion that the publication, upon its face, is libelous, for a reasonable construction thereof authorizes no other conclusion but that it charges that M. J. Raymond had embezzled and misapplied funds of the county. In this connection we cannot overlook the fact that appellant made no effort to justify or establish the publication as being true, notwithstanding Raymond's positive denial of the truth thereof.

The evidence is deemed insufficient to sustain the conviction for the reason stated.

. The judgment is reversed and the cause is remanded.

Opinion approved by the Court.