In the Matter of A— N— M—.

No. 18996.

Court of Civil Appeals of Texas,
Dallas.

Oct. 4, 1976.

F. Dean White, Canton, for appellant.

W. E. Eblen, County Atty., Canton, for appellee.

AKIN, Justice.

This is an appeal by a minor from an order of the county court adjudicating that he had engaged in delinquent conduct within the purview of Tex.Family Code Ann. § 51.03 (Vernon 1975)[1] and from a disposition order committing him to the Texas Youth Council. Trial was to a six-man jury, who found that the minor had stolen two vehicles and had committed burglary in violation of the Texas Penal Code, offenses which would have been felonies if the minor had been an adult. The minor, through his appointed attorney ad litem, contends that the trial court erred in: (1) overruling his motion suggesting mental illness; (2) denying him a twelve-man jury; (3) denying him an instructed verdict because he had not been positively identified as the perpetrator of the offenses alleged by the State; (4) instructing the jury that it could return a verdict upon the vote of five jurors; (5)

---

1. All references are to the Texas Family Code unless otherwise identified.

failing to advise his attorney ad litem of all written matter to be considered by the court at the disposition hearing; (6) failing to set forth in the disposition order reasons for the court's disposition; and (7) making a disposition not within the power of the juvenile court. Because we hold that the trial court erred in overruling his motion suggesting mental illness, in failing to set forth specifically the court's reasons for its disposition, and in making an improper disposition, we reverse.

## A. The Adjudication Hearing

### 1. Suggestion of Mental Illness

 The minor argues that the court should not have overruled his motion suggesting mental illness, but instead should have ordered appropriate medical and psychiatric inquiry before the adjudication hearing. We agree. Section 55.05(b) provides:

> If it appears to the juvenile court, on suggestion of a party or on the court's own notice, that a child alleged to have engaged in delinquent conduct or conduct indicating a need for supervision *may not be responsible* as a result of mental disease or defect, the court *shall* order appropriate medical and psychiatric inquiry to assist in determining whether the child is or is not responsible. [Emphasis added.]

We construe the word "may" as used in this section to indicate reasonable possibility, not reasonable probability. *Europak, Inc. v. County of Hunt,* 507 S.W.2d 884, 886 (Tex.Civ.App.—Dallas 1974, no writ). Since the trial court had before it a psychological evaluation which was considered by the court on the motion suggesting mental illness, and since that evaluation stated that the minor's "attempts to control his emotions are likely unsuccessful because his concept of reality tends to be distorted," we hold that a reasonable possibility was raised that the minor may not be mentally responsible. Therefore, under § 55.05(b), it was mandatory that the trial court order a

medical or psychiatric inquiry because the statute uses the word "shall." *See Clear Lake Apartments, Inc. v. Clear Lake Utilities Co.,* 537 S.W.2d 48, 53 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ filed). Consequently, we conclude that the court's failure to do so was error.

### 2. Six-Man Jury

 Appellant contends that the trial court erred in using a six-man jury, rather than a twelve-man jury. He argues that the acts which were the subject of the delinquency hearing would be felonies if committed by an adult and would entitle an adult to a twelve-man jury in a district court under Tex.Code Crim.Proc.Ann. arts. 4.05 and 33.01 (Vernon 1966). This argument infers a denial of equal protection and due process guaranteed by the United States Constitution in the fourteenth amendment. Although the United States Supreme Court in *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) held that the fourteenth amendment was applicable to juveniles as well as adults, it later held in *McKeiver v. Pennsylvania,* 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971) that trial by jury was not constitutionally required in a hearing to adjudicate a juvenile to be delinquent. *Cf. In re S__ J__ C__,* 533 S.W.2d 746, 747 (Tex.1976). Furthermore, due process does not require a jury of twelve in view of *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). Consequently, we hold that § 51.17 which permits the juvenile board to designate either the county court or the district court as the juvenile court in certain counties does not contravene the fourteenth amendment to the United States Constitution.

 Appellant's contention may also be construed to be a constitutional attack on § 51.17 under the Texas Constitution because of the decision of our supreme court in *Jordan v. Crudgington,* 149 Tex. 237, 231 S.W.2d 641, 646 (1950). In that case the court held that since a domestic relations court was a statutory court exercising the jurisdiction of a district court, art. I, § 15 of

the Texas Constitution which states that "[t]he right of trial by jury shall remain inviolate," required a jury of twelve men unless the constitution expressly provided for a lesser number. We conclude that *Jordan* has no application here because Tex. Const. art. V, § 17 prescribes that a constitutional county court shall have a six-man jury and § 51.17 of the Family Code expressly authorizes designation of the constitutional county court as the juvenile court. We see no violation of the constitution in this arrangement.

### 3. *Failure to Identify Minor*

█ The minor contends that the court erred in refusing to grant him an instructed verdict because he was not identified in court as the perpetrator of the alleged delinquent conduct. In support of this argument, he cites cases such as *De La Paz v. State,* 161 Tex.Cr.R. 514, 279 S.W.2d 101 (1955) and *Gandy v. State,* 139 S.W.2d 275 (Tex.Cr.App.1940) which hold that in prosecution of criminal cases the accused must be formally identified in court as the person who committed the crime. This argument ignores the distinction drawn by the legislature between acts committed by juveniles and by adults; where juveniles are involved, the action is civil in nature rather than criminal. A similar argument was advanced by a juvenile in *In re S___ J___ C___,* 533 S.W.2d 746 (Tex.1976). In that case, our supreme court held that a juvenile may be adjudicated a delinquent based solely upon the uncorroborated testimony of an accomplice witness and that such testimony goes to the weight rather than the admissibility of the evidence. Furthermore, the court observed that there was no constitutional due process restriction prohibiting such testimony in an adjudication hearing although under Tex.Code Crim.Proc. art. 38.14 (Vernon 1966), the testimony of an accomplice witness must be corroborated.

█ Here, several witnesses testified that they knew the minor and saw him commit the acts alleged although no witness formally identified him in court as the

person who committed the acts. In the absence of evidence casting doubt upon his identity, we hold that this evidence is sufficient identification for the purpose of adjudication and that further formal identification is unnecessary. *See Chamblee v. Tarbox,* 27 Tex. 139, 144–45 (1863); *see also Farhart v. Blackshear,* 434 S.W.2d 395, 401 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n. r. e.).

### 4. *Unanimity of Verdict*

█ Appellant also argues that the trial court erred in instructing the jury that a verdict could be rendered upon the vote of five jurors. We agree, although we find that this error was rendered harmless by virtue of the unanimous verdict of the jury. We address it, nevertheless, in view of our decision to remand for further proceedings. Section 54.03(c), as amended by the 64th Legislature, effective September 1, 1975, specifically states that jury verdicts in adjudication hearings must be unanimous. Consequently, on another trial the court should so instruct the jury.

### B. *The Disposition Hearing*

### 1. *Lack of Specificity in Order*

█ Appellant complains of the court's failure to "state *specifically* in the order its reasons for the disposition" as required by § 54.04(f). [Emphasis added.] The only reason for the disposition stated in the order is that the "[c]ourt finds that a disposition of the child is necessary for the protection of the Public and the child." The use of the word "specifically" emphasizes that the legislature intended the court to do more than merely track the statutory language. The rationale for the disposition must be set forth clearly and specifically so as to permit an appellate court, on review, to determine whether the reasons given in the order are supported by the evidence or whether they are insufficient to justify the disposition made. *In re T___ R___ W___,* 533 S.W.2d 139, 141 (Tex.Civ.App.—Dallas 1976, no writ). *Compare In re J___ R___*

C——, 522 S.W.2d 579, 580, 582–83 (Tex.Civ. App.—Texarkana 1975, writ ref'd n. r. e.) with In re Honsaker, 539 S.W.2d 198, 200–02 (Tex.Civ.App.—Dallas 1976, no writ). The court erred in failing to set forth the reasons for its disposition with sufficient specificity to meet this standard.

### 2. Contradictory Disposition Order

■ Appellant also argues that the form order signed by the court, in effect, makes no disposition. We agree. That order states:

It is ORDERED, ADJUDGED AND DECREED by this Court that said Respondent, A—— N—— M——, be and is hereby

placed on probation under the conditions set out in the instrument attached hereto and made a part hereof.

committed to the care, custody and control of the Texas Youth Council for an indeterminate period of time not to exceed the time when —he shall be eighteen (18) years of age or until duly discharged or further ordered, all in accordance and in compliance with Article 5143d, Vernon's Texas Civil Statutes.

No conditions of probation are attached to the order. Thus, the order is contradictory in that it places the juvenile on probation under conditions not specified and at the same time commits him to TYC for an indeterminate period of time.

### 3. Oral Commitment to TYC for One Year

Although the disposition order, supra, does not so state, the statement of facts reveals that the court orally ordered the minor to be committed to the Texas Youth Council for a period of one year. We do not know why this order was not embodied in the written disposition, but since the court apparently intended to do so, we consider the matter in view of our remand for further proceedings.

■ Prior law provided the court could commit delinquents for an indeterminate

period of time. Tex.Rev.Civ.Stat.Ann. art. 2338–1, § 13(c)(2) (Vernon 1971); Smith v. State, 444 S.W.2d 941 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.). However, § 54.04(d)(2) of the Family Code, which replaced art. 2238–1, § 13(c)(2), omitted the phrase "for an indeterminate period of time." The question presented is, therefore, whether this omission modified prior law to permit a juvenile court to commit delinquents for a specific period of time. We conclude that it does not in view of other statutory provisions evidencing an intent that commitments to the TYC be for an indeterminate period.

Section 51.01(3) of Title 3 states that a purpose of the Family Code is: "To remove from children committing unlawful acts the taint of criminality and the consequences of criminal behavior and to substitute a program of treatment, training, and rehabilitation." [Emphasis added.] Rehabilitation is, by its very nature, incapable of adhering to a preset timetable. The fact that different approaches and different periods of time will be required to meet this purpose is reflected in Tex.Rev.Civ.Stat.Ann. art. 5143d, § 17 (Vernon 1971):

When a child has been committed to the [Texas] Youth Council as a delinquent child, the Council may:

(a) Permit him his liberty under supervision and upon such conditions it believes conducive to acceptable behavior; or

(b) Order his confinement under such conditions as it believes best designed for his welfare and the interest of the public; or

(c) Order reconfinement or renewed release as often as conditions indicate to be desirable; or

(d) Revoke or modify any order of the Council affecting a child, except an order of final discharge, as often as conditions indicate to be desirable; or

(e) Discharge him from control when it is satisfied that such discharge will best serve his welfare and the protection of the public.

This statute gives TYC broad discretion in dealing with a child committed to it, including the discretion of when to discharge the child.[3]

■ Further evidence that the legislature intended to continue this discretion in the Texas Youth Council is provided by §§ 54.04 and 54.05 of the Family Code. Section 54.04(d) allows the court to place the child on probation, not exceeding one year, in the custody of suitable individuals or agencies, *except* TYC, and gives the court power to extend probation for one-year periods. Section 54.05 permits the court to modify any previous disposition, *except* commitment to TYC. Once a court commits a child to TYC, discretion as to the further disposition is vested in TYC and the court cannot invade this discretion by committing the juvenile for a definite period of time. No provision of the Code authorizes the court to make a commitment for a definite period.

### 4. Consideration of the Record of the Adjudication Hearing

■ Appellant also argues that the court lacked authority to consider the record of the adjudication hearing at the disposition hearing. This contention is based upon § 54.04(b) which provides: "At the disposition hearing, the juvenile court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses." Since the record of the adjudication hearing is not specifically listed, appellant argues that it cannot be considered. We cannot agree because this contention ignores the purpose of the disposition hearing and the intent behind § 54.04(b). Section 54.04(b) is intended to broaden, not to contract, the pool of information upon which the court makes its decision. As Mr. Justice Keith stated in a concurring opinion in *Tyler v. State*, 512 S.W.2d 46, 50 (Tex.Civ.App.—Beaumont

1974, no writ): "The judge of the juvenile court . . . has the duty and the obligation of entering a judgment which is in the best interest of the minor as well as society in general. He must have available for use all the recognized tools and information in order to enable him to discharge this responsibility." Part of this information may indeed be evidence presented at the adjudication hearing. To hold that a juvenile court can never consider the record in the adjudication hearing in making its disposition would be unnecessarily burdensome in that witnesses would be forced to reappear and give evidence already heard by the court. Indeed, any evidence presented at the adjudication hearing bearing on a proper disposition of the minor is admissible at the disposition hearing. Our holding here is supported by § 51.01 which sets forth the purpose and interpretation to be given Title 3 of the Family Code as follows: "[T]o provide a simple judicial procedure through which the provisions of this title are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced." We conclude, therefore, that appellant's argument in this respect is without merit.

■ This conclusion is consistent with § 54.04(b), which specifically provides that the minor's attorney shall have access to all written matter to be considered by the court in its disposition. This provision was designed to allow the minor's attorney to know what is contained in reports which the court uses in reaching its disposition. It was not designed, however, to require that the court notify counsel that it intended to consider material whose contents were already known to counsel. Since appellant's counsel was advised by the court at the disposition hearing that the court intended to consider all of the record of the adjudication hearing, at which appellant's counsel was in attendance, we hold that the failure

---

**3.** TYC must terminate its supervision of the child, however, when he reaches eighteen years of age. § 54.04(d).

of the court to state with specificity what part or parts of the record of the adjudication hearing that he intended to consider in making his disposition of the minor was not error.

Since the court erred in adjudicating appellant a delinquent and in failing to make a disposition authorized by the Code, both orders are reversed, and this cause is remanded to the trial court for a new adjudication and disposition hearing not inconsistent with this opinion. Appellant is ordered to be returned by the Texas Youth Council to the custody of the juvenile authorities of Van Zandt County for new hearings.

In view of our holding and of the fact that the juvenile was incarcerated for eighty-eight days in the Van Zandt County jail prior to his adjudication and disposition hearings, the trial court's attention is directed to §§ 52.02(a), 52.03(b)(1), 51.12, 53.-02(b) and 53.05, which pertain to promptness of hearings and to the standards of custodial care pending adjudication and disposition.