Luis Alberto **BODMER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–02–01182–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 30, 2004.

Terry W. Yates, Mark Lynn Clark, Houston, for appellant.

Eric Kugler, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and HUDSON.

## MEMORANDUM OPINION

ADELE HEDGES, Chief Justice.

Appellant Luis Alberto Bodmer appeals from his felony conviction for aggravated perjury. After a jury convicted him of that offense, the trial court sentenced appellant to community supervision for ten years and imposed a fine of 5,000 dollars. Because all dispositive issues are clearly settled in law, we issue this memorandum opinion. *See* TEX.R.APP. P. 47.4. We affirm.

Appellant presents four issues for review: (1) whether the evidence is legally sufficient[1] to support his conviction because he was not identified as the person who signed the affidavit of non-interest, (2) whether the trial court erred in overruling his hearsay objection to the affidavit of witness Miranda Knerr, (3) whether the evidence is legally sufficient to support his conviction because there is no evidence of his "interest" in the bid proposal, and (4) whether the evidence is factually sufficient[2] to support his conviction because there is no evidence his sworn statement was made with the intent to deceive. We address his second issue before considering his remaining issues below.

■ In his second issue, appellant argues that the trial court erred in overruling his hearsay objection to Miranda Knerr's affidavit. He contends that because the affidavit contains hearsay evi-

---

1. While appellant's brief does not expressly state whether he challenges the legal or factual sufficiency of the evidence, we note that the cases he cites in support of his claim reviewed the evidence for legal sufficiency. *See Mayo v. State*, 156 Tex.Crim. 26, 238 S.W.2d 777 (1951); *McCullen v. State*, 372 S.W.2d 693 (Tex.Crim.App.1963). We therefore construe this issue as a challenge to the legal sufficiency of the evidence.

2. While appellant's brief claims that the evidence is "legally insufficient," we note that the standard he cites in support of his claim is appropriate for factual sufficiency analysis. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim.App.2000) ("whether a neutral review of all the evidence demonstrates that the proof of this element is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's finding"). We therefore construe this issue as a challenge to the factual sufficiency of the evidence.

dence of Knerr's identification, its admission materially prejudiced his defense at trial. We review a trial court's decision to admit evidence for abuse of discretion and will not reverse unless it falls outside the zone of reasonable disagreement. *Resendiz v. State*, 112 S.W.3d 541, 544 (Tex.Crim.App.2003). We will uphold the trial court's ruling if it is correct on any theory of law applicable to the case. *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex.Crim.App.2000).

Under the Texas Rules of Evidence, a prior statement by a witness is not hearsay if the witness testifies at trial and is subject to cross-examination concerning the statement, and the statement is one of identification of a person made after perceiving the person. TEX.R. EVID. 801(e)(1)(C). In the present case, Knerr testified at trial and was cross-examined concerning the affidavit, which included the following statement: "[The April 9, 1997] affidavit was also signed in my presence as required by law and I verified [appellant's] identification by requiring that he present a valid driver's license." Because this statement constitutes admissible identification evidence, the trial court did not err in its admission of Knerr's affidavit. Accordingly, appellant's second issue is overruled.

■ In his first issue, appellant argues that the evidence is legally insufficient to support his conviction because he was not identified as the person who signed the affidavit of non-interest. We apply the usual standard of review for legal sufficiency. *See Reyes v. State*, 84 S.W.3d 633, 636 (Tex.Crim.App.2002). Because we have already determined that Knerr's identification statement in her affidavit constitutes admissible evidence, we hold that the evidence is legally sufficient to support the fact that appellant was the person who signed the affidavit of non-interest.[3] Accordingly, we overrule appellant's first issue.

In his third issue, appellant argues that the evidence is legally insufficient to support his conviction because there is no evidence he had an "interest" in the Transamerica Group's bid proposal. He contends that the term *interest* is restricted to interest in real property only and cites as authority Section 18–2 from the Code of Ordinances of the City of Houston. A closer look at the relevant provision of that section, however, reveals that *interest* cannot be given the definition appellant claims. The cited section does not define *interest*, but defines *interest* **in real property** (emphasis added) to include "any leasehold, beneficial interest, ownership interest or an option to acquire any such interest in real property." To define *interest* in the manner urged by appellant would violate the interpretive canon that each word, phrase, clause or sentence in a

---

**3.** The identification evidence is legally sufficient based on an additional ground. Knerr testified that her routine practice was to require proof of identification by presentation of a driver's license or other government-issued documentation. Under the Rules of Evidence, evidence of a person's habit or routine practice is relevant to prove that the conduct of the person on a particular occasion was in conformity with the habit or routine practice. TEX.R. EVID. 406.

Based on the evidence above of Knerr's routine practice, a jury could reasonably infer that she required proof of appellant's identity prior to notarizing his statement of non-interest on the date in question. Further, it may be reasonably be inferred from the fact that Knerr notarized the document that the identity of the person who appeared before her and signed it matched the form of identification presented. Therefore, a rational trier of fact could have found that Knerr properly identified appellant as the person who signed the affidavit of non-interest beyond a reasonable doubt.

legislative enactment be given effect if reasonably possible. *See Marx v. State*, 987 S.W.2d 577, 587 (Tex.Crim.App.1999), *cert. denied*, 528 U.S. 1034, 120 S.Ct. 574, 145 L.Ed.2d 436 (1999).

Moreover, appellant's definition of *interest* is at odds with the provisions of Article VII, Section 4 of the City Charter[4] and Section 18–3(a)(2) of the City Code of Ordinances,[5] both of which prohibit a City officer from having a pecuniary interest in private transactions involving the City. To effectuate these provisions, the City requires the submission of an affidavit of non-interest such as the document signed by appellant. Therefore, we interpret appellant's affidavit of non-interest to state that (at the time of execution) he knew of no officer, agent or employee of the City having "in any way or manner" a pecuniary interest, "either directly or indirectly," in the bid proposal advanced by Transamerica.

■ In applying this definition of *interest* to the facts in the present case, we hold that the evidence is legally sufficient to support a finding that appellant had an interest in Transamerica's bid proposal. The State established that appellant would own a twenty percent participation interest in exchange for his consulting services in connection with the project. Appellant also would be entitled to compensation for his consulting services at the customary rates for such services. Because a rational trier of fact could have found that this evidence satisfies the State's burden to prove appellant had an interest in the bid proposal, we overrule appellant's third issue.

■ In his fourth issue, appellant argues that the evidence is factually insufficient to support his conviction because there is no evidence appellant made the statement of non-interest with the intent to deceive. He contends that because his roles as architect and manager of Transamerica were disclosed in the bid proposal, the trial court was required to find as a matter of law that he did not have the requisite intent to deceive. In a prosecution for aggravated perjury, intent to deceive may be inferred from the circumstances. *Mitchell v. State*, 608 S.W.2d 226, 229 (Tex.Crim.App.1980). We apply the usual standard of review for factual sufficiency. *See King v. State*, 29 S.W.3d 556, 563 (Tex.Crim.App.2000).

At trial, the State presented circumstantial evidence of appellant's intent to deceive. The affidavit of non-interest signed by appellant is a simple, direct factual statement consisting of less than one hundred words. A well-educated person such as appellant, who received master's degrees in both architecture and urban planning and held teaching positions at universities around the globe, can certainly be expected to understand the significance of the document signed by him. This evidence is strengthened by the fact that appellant has over sixteen years of consult-

---

4. That section provides in relevant part: "Nor shall any member of the City Council, or any officer of the City of Houston, be pecuniarily interested, directly or indirectly, in any contract let by the city, or in any work done by the city, or in any matter wherein the rights or liabilities of the City of Houston are or may be involved. In the event such officer of the City of Houston shall become interested, directly or indirectly, in any contract or work, purchase or sale made by the City of Houston, then the said contract or work, purchase or sale, shall be null and void ...".

5. That section provides: "No city official shall invest or hold any investment or interest directly or indirectly in any financial, business, commercial or other transaction, that creates or might reasonably tend to create a conflict between the public trust held as an official of the city and the official's private interests."

ing experience, including significant involvement in local governmental zoning, redevelopment, land use, and revitalization efforts across the country. Don Cheatham, who serves as senior assistant city attorney and chief of the general counsel division of the City of Houston's legal department, testified that his division provides instructional sessions and textual guides to city officials regarding common financial and ethical concerns faced by people in positions such as appellant's. Further, the bid proposal submitted by Transamerica contains an instructional packet entitled "City of Houston: Bid Specifications for Sale of Surplus Land." That packet specifically provides in relevant part that any contract entered into by an officer of the City having either a direct or indirect pecuniary interest in the transaction is void. An affidavit of non-interest pertaining to this prohibition must be submitted as part of the bid documents, and a sample affidavit is even attached to the packet.

Against this evidence, appellant points to evidence that Transamerica's bid proposal contains a development plan in which the company states that appellant serves on the Planning Commission for the City of Houston. The evidence also reveals that appellant's membership and service on the Planning Commission are matters of public record and that many people in and around City government were aware of his involvement in the Transamerica project. However, while these facts are undeniably probative and even powerful evidence that appellant did not have the requisite intent to deceive, we must refrain from substituting our judgment for that of the trier of fact. *See Johnson*, 23 S.W.3d at 12. Because we cannot say that either proof of guilt is so weak or greatly outweighed by contrary proof, we find the evidence factually sufficient to support a finding that appellant made the statement with the intent to deceive. Accordingly, we overrule appellant's fourth issue.

The judgment is affirmed.