Affirmed and Memorandum Opinion filed March 30, 2004









Affirmed and Memorandum Opinion filed March 30, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01182-CR

____________

 

LUIS ALBERTO
BODMER,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 857,401

 



 

M E M O R A N D U M   O P I N I O N

Appellant Luis Alberto Bodmer appeals from
his felony conviction for aggravated perjury. 
After a jury convicted him of that offense, the trial court sentenced
appellant to community supervision for ten years and imposed a fine of 5,000
dollars.  Because all dispositive issues
are clearly settled in law, we issue this memorandum opinion. See Tex. R. App. P. 47.4.  We affirm.








Appellant presents four issues for review:
(1) whether the evidence is legally sufficient[1]
to support his conviction because he was not identified as the person who
signed the affidavit of non-interest, (2) whether the trial court erred in
overruling his hearsay objection to the affidavit of witness Miranda Knerr, (3)
whether the evidence is legally sufficient to support his conviction because
there is no evidence of his Ainterest@ in the bid
proposal, and (4) whether the evidence is factually sufficient[2]
to support his conviction because there is no evidence his sworn statement was
made with the intent to deceive.  We
address his second issue before considering his remaining issues below.

In his second issue, appellant argues that
the trial court erred in overruling his hearsay objection to Miranda Knerr=s affidavit.  He contends that because the affidavit
contains hearsay evidence of Knerr=s identification,
its admission materially prejudiced his defense at trial.  We review a trial court=s decision to
admit evidence for abuse of discretion and will not reverse unless it falls
outside the zone of reasonable disagreement. Resendiz v. State, 112
S.W.3d 541, 544 (Tex. Crim. App. 2003). 
We will uphold the trial court=s ruling if it is
correct on any theory of law applicable to the case. State v. Ross, 32
S.W.3d 853, 855-56 (Tex. Crim. App. 2000).








Under the Texas Rules of Evidence, a prior
statement by a witness is not hearsay if the witness testifies at trial and is
subject to cross-examination concerning the statement, and the statement is one
of identification of a person made after perceiving the person. Tex. R. Evid. 801(e)(1)(C).  In the present case, Knerr testified at trial
and was cross-examined concerning the affidavit, which included the following
statement: A[The April 9, 1997] affidavit was also
signed in my presence as required by law and I verified [appellant=s] identification
by requiring that he present a valid driver=s license.@  Because this statement constitutes admissible
identification evidence, the trial court did not err in its admission of Knerr=s affidavit.  Accordingly, appellant=s second issue is
overruled.

In his first issue, appellant argues that
the evidence is legally insufficient to support his conviction because he was
not identified as the person who signed the affidavit of non-interest.  We apply the usual standard of review for
legal sufficiency. See Reyes v. State, 84 S.W.3d 633, 636 (Tex. Crim.
App. 2002).  Because we have already
determined that Knerr=s identification statement in her
affidavit constitutes admissible evidence, we hold that the evidence is legally
sufficient to support the fact that appellant was the person who signed the
affidavit of non-interest.[3]  Accordingly, we overrule appellant=s first issue.








In his third issue, appellant argues that
the evidence is legally insufficient to support his conviction because there is
no evidence he had an Ainterest@ in the
Transamerica Group=s bid proposal.  He contends that the term interest is
restricted to interest in real property only and cites as authority Section
18-2 from the Code of Ordinances of the City of Houston.  A closer look at the relevant provision of
that section, however, reveals that interest cannot be given the
definition appellant claims.  The cited
section does not define interest, but defines interest in real
property (emphasis added) to include Aany leasehold,
beneficial interest, ownership interest or an option to acquire any such
interest in real property.@  To define interest in the manner urged
by appellant would violate the interpretive canon that each word, phrase,
clause or sentence in a legislative enactment be given effect if reasonably
possible. See Marx v. State, 987 S.W.2d 577, 587 (Tex. Crim. App. 1999),
cert. denied, 528 U.S. 1034 (1999).

Moreover, appellant=s definition of interest
is at odds with the provisions of Article VII, Section 4 of the City
Charter[4]
and Section 18-3(a)(2) of the City Code of Ordinances,[5]
both of which prohibit a City officer from having a pecuniary interest in
private transactions involving the City. 
To effectuate these provisions, the City requires the submission of an
affidavit of non-interest such as the document signed by appellant.  Therefore, we interpret appellant=s affidavit of
non-interest to state that (at the time of execution) he knew of no officer,
agent or employee of the City having Ain any way or
manner@ a pecuniary
interest, Aeither directly or indirectly,@ in the bid
proposal advanced by Transamerica.

In applying this definition of interest
to the facts in the present case, we hold that the evidence is legally
sufficient to support a finding that appellant had an interest in Transamerica=s bid
proposal.  The State established that
appellant would own a twenty percent participation interest in exchange for his
consulting services in connection with the project.  Appellant also would be entitled to
compensation for his consulting services at the customary rates for such
services.  Because a rational trier of
fact could have found that this evidence satisfies the State=s burden to prove
appellant had an interest in the bid proposal, we overrule appellant=s third issue.








In his fourth issue, appellant argues that
the evidence is factually insufficient to support his conviction because there
is no evidence appellant made the statement of non-interest with the intent to
deceive.  He contends that because his
roles as architect and manager of Transamerica were disclosed in the bid
proposal, the trial court was required to find as a matter of law that he did
not have the requisite intent to deceive. 
In a prosecution for aggravated perjury, intent to deceive may be
inferred from the circumstances.  Mitchell v. State, 608 S.W.2d 226, 229
(Tex. Crim. App. 1980).  We apply the
usual standard of review for factual sufficiency.  See King v. State, 29 S.W.3d 556, 563
(Tex. Crim. App. 2000).

At trial, the State presented
circumstantial evidence of appellant=s intent to
deceive.  The affidavit of non-interest
signed by appellant is a simple, direct factual statement consisting of less
than one hundred words.  A well-educated
person such as appellant, who received master=s degrees in both
architecture and urban planning and held teaching positions at universities
around the globe, can certainly be expected to understand the significance of
the document signed by him.  This
evidence is strengthened by the fact that appellant has over sixteen years of
consulting experience, including significant involvement in local governmental zoning,
redevelopment, land use, and revitalization efforts across the country.  Don Cheatham, who serves as senior assistant
city attorney and chief of the general counsel division of the City of Houston=s legal department,
testified that his division provides instructional sessions and textual guides
to city officials regarding common financial and ethical concerns faced by
people in positions such as appellant=s.  Further, the bid proposal submitted by
Transamerica contains an instructional packet entitled ACity of Houston:
Bid Specifications for Sale of Surplus Land.@  That packet specifically provides in relevant
part that any contract entered into by an officer of the City having either a
direct or indirect pecuniary interest in the transaction is void.  An affidavit of non-interest pertaining to
this prohibition must be submitted as part of the bid documents, and a sample
affidavit is even attached to the packet.








Against this evidence, appellant points to
evidence that Transamerica=s bid proposal
contains a development plan in which the company states that appellant serves
on the Planning Commission for the City of Houston.  The evidence also reveals that appellant=s membership and
service on the Planning Commission are matters of public record and that many
people in and around City government were aware of his involvement in the
Transamerica project.  However, while
these facts are undeniably probative and even powerful evidence that appellant
did not have the requisite intent to deceive, we must refrain from substituting
our judgment for that of the trier of fact. See Johnson, 23
S.W.3d at 12.  Because we cannot say that
either proof of guilt is so weak or greatly outweighed by contrary proof, we
find the evidence factually sufficient to support a finding that appellant made
the statement with the intent to deceive. 
Accordingly, we overrule appellant=s fourth issue.

The judgment is affirmed.

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Memorandum Opinion filed March 30, 2004.

Panel
consists of Chief Justice Hedges and Justices Anderson and Hudson.

Publish
C Tex. R. App. P. 47.2(b).

 











[1]  While
appellant=s brief does not expressly state whether he challenges
the legal or factual sufficiency of the evidence, we note that the cases he
cites in support of his claim reviewed the evidence for legal sufficiency. See
Mayo v. State, 238 S.W.2d 777 (Tex. Crim. App. 1951); McCullen v. State,
372 S.W.2d 693 (Tex. Crim. App. 1963). 
We therefore construe this issue as a challenge to the legal sufficiency
of the evidence.





[2]  While
appellant=s brief claims that the evidence is Alegally insufficient,@ we note
that the standard he cites in support of his claim is appropriate for factual
sufficiency analysis. See Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000) (Awhether a neutral review of all the evidence
demonstrates that the proof of this element is so obviously weak or so greatly
outweighed by contrary proof as to undermine confidence in the jury=s finding@).  We therefore construe this issue as a
challenge to the factual sufficiency of the evidence.





[3]  The identification evidence is
legally sufficient based on an additional ground.  Knerr testified that her routine practice was
to require proof of identification by presentation of a driver=s license or other
government-issued documentation.  Under
the Rules of Evidence, evidence of a person=s habit or routine practice is relevant to prove that the
conduct of the person on a particular occasion was in conformity with the habit
or routine practice. Tex. R. Evid.
406.

Based on the evidence
above of Knerr=s routine practice, a jury could
reasonably infer that she required proof of appellant=s identity prior to notarizing his
statement of non-interest on the date in question.  Further, it may be reasonably be inferred
from the fact that Knerr notarized the document that the identity of the person
who appeared before her and signed it matched the form of identification
presented.  Therefore, a rational trier
of fact could have found that Knerr properly identified appellant as the person
who signed the affidavit of non-interest beyond a reasonable doubt.





[4]  That section
provides in relevant part: ANor shall any member of the City Council, or any
officer of the City of Houston, be pecuniarily interested, directly or
indirectly, in any contract let by the city, or in any work done by the city,
or in any matter wherein the rights or liabilities of the City of Houston are
or may be involved.  In the event such
officer of the City of Houston shall become interested, directly or indirectly,
in any contract or work, purchase or sale made by the City of Houston, then the
said contract or work, purchase or sale, shall be null and void...@.





[5]  That section
provides: ANo city official shall invest or hold any investment
or interest directly or indirectly in any financial, business, commercial or
other transaction, that creates or might reasonably tend to create a conflict
between the public trust held as an official of the city and the official=s private interests.@